599 So.2d 428 (1992)
Clayton TYLER
v.
GRAY INSURANCE COMPANY, et al.
No. 91-CA-2213.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1992.
*429 Leon A. Aucoin, Mary D. Sentenn, Metairie, for defendants/appellants.
Richard A. Tonry, Michael C. Ginart, Jr., Chalmette, for plaintiff/appellee.
Before BARRY, BYRNES and JONES, JJ.
BYRNES, Judge.
Professional Construction Services, Inc. (PCSI) and The Gray Insurance Company appeal the rate of worker's compensation awarded to claimant Clayton Tyler. We reverse and render.
Clayton Tyler was employed as a construction worker for PCSI at the time he was injured in a work-related accident when he hurt his back while lifting a dumpster. The Gray Insurance Company, the worker's compensation insurance carrier, paid all medical expenses incurred as well as the minimum compensation rate of $74 per week to Mr. Tyler.
After a hearing on May 1, 1991, the trial court rendered judgment in favor of Clayton Tyler, holding that his average weekly wage was $6.20 an hour for a forty hour week or $250 per week, with the corresponding compensation rate of $162.66 per week due beginning on the date of injury, August 8, 1990. Defendants appeal that judgment.
On appeal defendants contend that the trial court should have determined the compensation rate based on LSA-R.S. 23:1021(10)(a)(ii) rather than LSA-R.S. 23:1021(10)(a)(i).
The compensation rate is based on the average weekly wage. Louisiana R.S. 23:1021(10) provides:
Section 1021. Terms defined
* * * * * *
(10) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly wages
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater, or
(ii) If the employee is paid on an hourly basis and the employee was offered employment for forty hours or more but regularly, and at his own discretion, works less than forty hours per week for whatever reason, then, the average of his total earnings per week for the four full weeks preceding the date of the accident; or
(iii) If the employee is paid on an hourly basis and the employee is a part-time employee, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury.
*430 Clayton Tyler began working for PCSI in September, 1989. Mr. Tyler worked from September 13, 1989 through the week ending November 5, 1989. Claimant then worked for PCSI from January 14, 1990 to May 20, 1990. Mr. Tyler next worked for PCSI on August 7, 1990 and injured his back on August 8, 1990. Defendants' records show that out of the nineteen weeks that claimant worked, he worked less than forty hours a week for sixteen of those nineteen weeks. Defendants aver that claimant was paid on an hourly basis, offered employment of forty hours or more a week, but regularly at his own discretion, Mr. Tyler worked less than forty hours a week. Therefore, defendants assert that under LSA-R.S. 23:1021(10)(a)(ii), the proper method to obtain the compensation rate is to determine the average of Mr. Tyler's total earnings per week for the four full weeks preceding the date of the accident. Mr. Tyler testified that he had earnings for one day of the four full weeks preceding the date of the accident although he was offered work between May and August 1990. He stated that he chose not to work because of his transportation problems. Defendants claim that Mr. Tyler is entitled to the minimum compensation rate.
Mr. Tyler argues that he had previously been employed twice by PCSI but most recently had been laid off or terminated in May 1990. Claimant asserts that he was newly employed when he was hired on August 7, 1990 on a full time basis. The accident occurred on August 8, 1990, his second day at work. Mr. Tyler contends that his compensation should be based on LSA-R.S. 23:1021(10)(a)(i) because he was newly hired on a full time basis, had worked full time (eight hours on August 7) and expected to work full time until completion of the renovation work at the jobsite at the Louisiana Power and Light building on the West Bank.
Clayton Tyler also requests that he be awarded all arrearages with legal interest, as well as attorney fees and penalties for the arbitrary and capricious denial of his claim. However, because plaintiff neither appealed nor answered defendants' appeal, his claim for an additional award is not properly before this court and will not be considered. LSA-C.C.P. art. 2133; Arnoult v. Arnoult, 498 So.2d 749 (La.1986); Culotta v. Great Atlantic and Pacific Tea Co., 524 So.2d 259 (La.App. 5th Cir.1988), writ denied 530 So.2d 88 (La.1988). A brief submitted by the appellee does not satisfy the requirements of La.C.C.P. art. 2133. Ward v. Schwegmann Giant Supermarkets, Inc., 538 So.2d 1051 (La.App. 4th Cir. 1989).
In Price v. Fireman's Fund Ins. Co., 502 So.2d 1078 (La.1987), the plaintiff had worked as a bricklayer assistant for a period of less than two weeks before he was injured. Price worked for his employer Lachney when work was available and the weather allowed masonry work. The plaintiff insisted that he was always ready and willing to work and only missed one day of work due to illness. The Louisiana Supreme Court concluded that Section (i) of LSA-R.S. 23:1021(10)(a) applied to determine his compensation rate.
In Gaffney v. Saenger Theatre Partnership, Ltd., 539 So.2d 1014 (La.App. 4th Cir.1989), the plaintiff, a union employee, was working at the Saenger Theatre at the time of his accident. Plaintiff worked as a journeyman for two years prior to the accident and never refused work, which was seasonal. This Court held that Section (i) of LSA-R.S. 23:1021(10)(a) applied to determine the compensation rate.
In Gaffney, supra, and in Mr. Tyler's case, the employees had worked at different locations. Mr. Tyler's employment was not seasonable as in the case of Mr. Price and Mr. Gaffney. When the weather or other factors did not permit the employees to work, the employees could remain and receive their full time salary. The hearing transcript reflects the following questions by counsel for the defendants and Mr. Tyler's answers:
Q Okay. Now, isn't it a fact that there was 40 hours of work available to you during those other weeks?
A Available to me, yes, there was that and more.

*431 Q And you chose not to work those 40 hours or more?
A Not at all times did I choose that. Well, sometimes it did. It depended on a lot of things.
Q Like what did it depend on?
A It depended on whether or not it was raining; whether or not the material was there; whether or not if there was a gas leak in the sewer lines of the plant at Mobil, which it did rain a lot. They asked us, well, you can stay or you can go. Sit here and do nothing orthe material won't be there, stay or go. Gas leak, you know, last all day long, you couldn't weld, people couldn't grind, people couldn't do nothing, stay or go. I took my choice. I really didn't need all the money in the world at the time, so I just went on my way.
Q So, you chose not to work the hours?
A Right.
Judge Corey asked questions and Mr. Tyler answered as follows:

JUDGE COREY:
Q How long were you off work between May and the time you went back to work?
A Between May and August.
Q Why were you off work?
A Why, I was laid off. And I was offered to go to other places like the Luling bridge, Monsanto. I hadn't had dependable enough transportation to get me to the Monsanto Luling bridge, which is about 30 miles difference from each other. I just couldn't make it out there.
Q Well, when they hired you back in August, was that a new job?
A Yeah. It was a new job.
Q What job was this, now that you were (inaudible)
A It was renovating the LP & L building; you know, tearing everything down, carpet, everything.
* * * * * *
Because he was a construction worker, Mr. Tyler worked at different jobsites but each change of location did not constitute new employment. Defendants established that PCSI continuously offered full time employment to Mr. Tyler but sometimes he chose not to accept because of transportation problems or other personal reasons. While working for PCSI, Mr. Tyler was paid on an hourly basis. Therefore, Section (ii) of LSA-R.S. 23:1021(10)(a) clearly applies to compute Mr. Tyler's compensation rate.
Accordingly, the trial court's judgment is reversed. Because Mr. Tyler worked one day in the four weeks preceding the accident, his compensation rate is at the minimum of $74 a week beginning on the date of the injury, August 8, 1990.
REVERSED AND RENDERED.