644 So.2d 805 (1994)
Gerald HARRIS,
v.
BRONCO CONSTRUCTION COMPANY.
No. 93 CA 2139.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
Writ Denied January 6, 1995.
*806 Arthur Cobb, Baton Rouge, for plaintiff-appellant.
Leonard Cardenas, III, Baton Rouge, for defendant-appellee.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
This appeal arises out of a worker's compensation proceeding concerning an accident which occurred within the course and scope of Gerald Harris's (plaintiff) employment.
On Friday, March 20, 1992, plaintiff was working as a cement finisher on a job for Bronco Construction Corporation[1] (defendant) at the Rhone Poulenc Plant in Baton Rouge.[2] At the time of the accident, plaintiff was standing in the form where the cement was to be poured when the cement chute attached to the cement truck came loose and struck him from behind. Plaintiff testified he was pinned into the form by the chute and had to be pulled out by his co-workers. He rested for about three hours at the job site, but was unable to return to work.
Plaintiff continued to suffer pain in his neck and back through the weekend. He sought treatment the following Monday from a chiropractor, Dr. Thomas Finn. Finn ran a series of tests and determined that plaintiff had severe sprains and strains of the ligaments attaching the skull to the spine and the spine into the ileum and also had impairments to his nerve roots.
Approximately one month after the accident, plaintiff consulted an orthopedic surgeon, Dr. Jack Loupe, seeking pain medication. Loupe examined plaintiff in his office and later examined x-rays which had been ordered previously by Finn. Loupe's examination revealed no paravertebral muscle spasm and full range of motion, extension and flexion, and also showed no motor weakness, reflex change or sensory deficit in plaintiff's upper or lower extremities. Loupe concluded plaintiff had not suffered any serious injury and that his examination did not disclose any evidence of injury. In his deposition, Loupe stated that there were no objective findings to substantiate plaintiff's complaints of pain, that he did not have any recommendations for further treatment, that he did not prescribe any medication, and that he did not feel any need to see plaintiff again. Loupe concluded in his report to USF & G that "[t]here are inconsistencies as well as symptom magnification and simulation on the patient's part."
Plaintiff was paid $160.00 per week in worker's compensation benefits for eight weeks, totaling $1,280.00. He was also paid medical benefits of $1,398.00. His benefits were terminated after USF & G received Loupe's report. Subsequently, Finn issued a report stating plaintiff was severely disabled, still under treatment, and was unable to return to work. Defendant and its insurer refused to reinstate benefits.
The hearing officer, in written reasons, found plaintiff had not carried his burden of *807 proving a disability because "there are no objective findings which support his complaints of severe, disabling pain." On this basis, plaintiff's claim for additional benefits was dismissed.
After a thorough review of the record, we cannot say the hearing officer was manifestly erroneous in finding the plaintiff had not carried his burden of proof. Plaintiff's treating chiropractor testified at length about numerous tests he performed, but never stated what those tests revealed. Rather, he testified it was his conclusion based on all of the tests that plaintiff had severe sprains and strains of his ligaments and had nerve root impairments. However, the record is devoid of any objective findings to support these conclusions. Loupe, on the other hand, detailed his testing and the results of those tests, which support his conclusions.
To prove temporary total disability, a plaintiff must show by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment, regardless of the nature or character of the employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain. LSA-R.S. 23:1221(1)(c).
This is a heavy burden of proof to be borne by the plaintiff. Zanca v. Exhibition Contractors Co., 614 So.2d 325, 328 (La.App. 4th Cir.1993). In addition to the lack of objective medical evidence to prove a disability, plaintiff did not offer any evidence that he was physically unable to engage in any employment. He testified he was trained in the army in the field of immunology and allergy. Nothing in the record indicates he is no longer able to work in that field. No rehabilitative evaluations have been made to see what kind of employment might be suitable. An evaluation was scheduled for August 13, 1992, but counsel for plaintiff declined to proceed with it.[3]
The hearing officer was not manifestly erroneous in refusing plaintiff's claim for additional benefits.
Plaintiff also complains the hearing officer should have given greater weight to the testimony of plaintiff's chiropractor than that of Dr. Loupe. The hearing officer is afforded great latitude in making credibility determinations and in weighing testimony. The determination of an expert's credibility is a factual question subject to the manifest error/clearly wrong standard of review. Martin v. East Jefferson Gen. Hosp., 582 So.2d 1272, 1277 (La.1991); Cheramie v. Horst, 93-1168 (La.App. 1st Cir. 5/20/94), 637 So.2d 720, 723. After weighing and evaluating all of the evidence, the fact finder is free to accept or reject the opinions expressed by experts. Hoyt v. State Farm Mut. Auto. Ins. Co., 623 So.2d 651, 659 (La.App. 1st Cir.), writ denied, 629 So.2d 1179 (La.1993); Armstrong v. Fireman's Fund Ins. Co., 558 So.2d 646, 650 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990).
As a reviewing court, the issue to be resolved is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one in view of the record in its entirety. Stobart v. State, 617 So.2d 880, 882 (La.1993). The hearing officer's credibility determinations were not unreasonable in this case.
The plaintiff next contends the hearing officer should have found the bills for chiropractic treatment were authorized or that authorization was not required pursuant to Louisiana Revised Statute 23:1142 E. Finn charged $6,915.00 for chiropractic services between March 23, 1992, and trial for examinations, treatment, and therapy. The director of the office of worker's compensation administration is authorized by Revised Statute 23:1291 B(10) to determine the reasonableness and necessity of already-performed treatment or services through utilization review. Because this issue had been referred to utilization review, the hearing officer found it was "premature to render a *808 decision on payment of a bill for treatment that may or may not have been necessary." The hearing officer ordered the matter be set for a supplemental hearing if a dispute remained after the utilization review.
We cannot say the hearing officer committed manifest error or abused her discretion in deferring decision on this issue until after the utilization review was completed. Furthermore, plaintiff is not prejudiced by the hearing officer's action because she ordered that a supplemental hearing be scheduled if necessary.
Finally, plaintiff contends defendants were arbitrary and capricious in refusing to reinstate his benefits. Because we affirm the findings of the hearing officer, this argument has no merit.
Therefore, the decision of the hearing officer is affirmed. Costs of this appeal are assessed to plaintiff.
AFFIRMED.
NOTES
[1] Defendant's correct name appears, from the record, to be Bronco Construction Corporation. Its worker's compensation insurer is United States Fidelity and Guaranty Company, hereinafter referred to as USF & G.
[2] Defendant commonly contracts its cement finishing work out. On this particular day, it had hired Victor Latham to complete the cement finishing. Latham had hired Harris. When the accident occurred, plaintiff had only been on the job three hours. The hearing officer found that defendant was plaintiff's statutory employer. Defendant does not appeal this finding.
[3] The rehabilitation consultant informed defendant's counsel that she was notified by plaintiff's counsel by letter the day before the evaluation:

"[C]lient has not reached [maximum medical improvement] yettoo early for rehabilitation." No further evaluations have been scheduled.