676 So.2d 1144 (1996)
Stephanie AUGUSTUS
v.
ST. MARY PARISH SCHOOL BOARD.
No. 95 CA 2498.
Court of Appeal of Louisiana, First Circuit.
June 28, 1996.
*1148 Edward J. Cloos, III, Metairie, for Plaintiff/Appellee, Stephanie Augustus.
Wade A. Langlois, III, Gretna, for Defendant/Appellant, St. Mary Parish School Board.
Before CARTER and PITCHER, JJ., and WILLIAM F. KLINE, Jr.,[1] J. Pro Tem.
CARTER, Judge.
This is an appeal from a decision of a workers' compensation hearing officer, awarding plaintiff workers' compensation benefits, medical expenses, penalties, and attorney's fees.

FACTS
On November 1, 1994, twenty-nine-year-old plaintiff, Stephanie D. Augustus, was allegedly injured during the course and scope of her employment as a cafeteria technician for the St. Mary Parish School Board (School Board). While lifting several cases of Clorox and placing the Clorox on shelves in the cafeteria, plaintiff allegedly sustained injuries to her neck, shoulders, and back. Plaintiff did not work from November 2, 1994, to November 28, 1994, at which time she was released to return to work by Dr. Nick Accardo.
On January 12, 1995, plaintiff filed with the Office of Workers' Compensation a Disputed Claim for Compensation (Form 1008). Plaintiff claimed that she had sustained injuries which resulted in excess of seven days lost time and that she had a continuing disability. The School Board contended that plaintiff was not disabled and not entitled to workers' compensation benefits.
On July 20, 1995, the matter was tried before a workers' compensation hearing officer. On August 22, 1995, the hearing officer rendered a decision, finding that (1) plaintiff was injured during the course and scope of her employment with the School Board on November 1, 1994; (2) plaintiff was entitled to temporary total disability benefits in the amount of $86.00 per week from November 1, 1994, through November 28, 1994; (3) plaintiff was entitled to the payment of all medical bills which had been incurred, as well as medication and transportation expenses; (4) the School Board was arbitrary and capricious in its refusal to pay plaintiff workers' compensation benefits; and (5) plaintiff was entitled to penalties in the amount of $2,000.00 and attorney's fees in the amount of $2,000.00. The hearing officer specifically found that plaintiff failed to establish any disability after November 29, 1994.[2]
The School Board appealed from the adverse decision, assigning the following specifications of error:
(1) The hearing officer was manifestly erroneous or clearly wrong in her decision of August 22, 1995, wherein it was found that the claimant, Stephanie Augustus, was injured during the course and scope of her employment with the St. Mary Parish School Board on November 1, 1994.
(2) The hearing officer was manifestly erroneous or clearly wrong in her finding that the claimant, Stephanie Augustus, was entitled to receive temporary total disability benefits from the defendant employer for the period of November 1 through November 28, 1994.
(3) The hearing officer was manifestly erroneous and clearly wrong in finding that the employer was arbitrary and capricious in this matter and/or in awarding a penalty in the amount of $2,000.00 and attorney's fees in the amount of $2,000.00.

*1149 (4) The hearing officer was manifestly erroneous and clearly wrong and/or committed legal error when she awarded plaintiff medical expenses when no medical expenses were proven at trial except $205.05.

ENTITLEMENT TO WORKERS' COMPENSATION BENEFITS
In order to recover workers' compensation benefits, a claimant must show that he received personal injury by accident arising out of and in the course and scope of his employment and that said injury necessitated medical treatment and/or rendered the employee disabled. Polk v. Babineaux's Plumbing, Inc., 628 So.2d 71, 74 (La.App. 3rd Cir.1993); Alfred v. Mid-South Machine, Inc., 594 So.2d 937, 939 (La.App. 3rd Cir. 1992).

1. Accident During Course and Scope of Employment

The claimant has the burden of establishing the occurrence of an accident and the causal relationship between the accident and the resulting disability by a preponderance of the evidence. Manson v. City of Shreveport, 577 So.2d 1167, 1169 (La.App. 2nd Cir.), writ denied, 580 So.2d 928 (La. 1991). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Patterson v. GNB Battery, Inc., 569 So.2d 640, 642 (La.App. 2nd Cir.1990), writ denied, 573 So.2d 1134 (La.1991). Therefore, it must be determined that his employment somehow caused or contributed to his disability; however, it is not necessary that the exact cause be found. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320, 324 (La.1985).
In determining whether the claimant has discharged his burden of proof, the trier of fact should accept as true a witness's uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of that testimony. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992); Smith v. Grand Isle Shipyard, 95-0259 p. 1 (La.App. 1st Cir. 10/6/95); 671 So.2d 415, writ denied, 95-2709 (La. 1/26/96); 667 So.2d 524. A hearing officer's determinations as to whether the claimant's testimony is credible and whether the claimant has discharged his burden of proof are factual determinations which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Andrews v. Music Mountain Water Company, 25,634 (La.App. 2nd Cir. 4/6/94); 637 So.2d 571, 574; writ denied, 94-1190 (La. 6/24/94); 640 So.2d 1356; Shelton v. Wall, 614 So.2d 828, 832 (La.App. 2nd Cir.1993).

2. Temporary Total Disability

Pursuant to LSA-R.S. 23:1221(1)(c), a claimant has the burden of proving his temporary total disability by clear and convincing evidence.[3]Penn v. Wal-Mart Stores, Inc., 93-1262 p. 3 (La.App. 3rd Cir. 6/15/94); 638 So.2d 1123, 1126, writ denied, 94-1835 (La. 10/28/94); 644 So.2d 651; Polk v. Babineaux's Plumbing, Inc., 628 So.2d at 74. In the absence of clear and convincing evidence that the employee is physically unable to engage in any employment, the claimant's demand for temporary total disability benefits must fail. Tanner v. International Maintenance Corporation, 602 So.2d 1133, 1137 (La.App. 1st Cir.1992).
The issue of disability within the framework of the workers' compensation law *1150 is a legal rather than a purely medical determination. Pollock v. Louisiana Insurance Guaranty Association, 587 So.2d 823, 825 (La.App. 3rd Cir.1991). The issue of disability is determined with reference to the totality of the evidence, including both lay and medical testimony. Taylor v. Louisiana-Pacific Corporation, 602 So.2d 48, 51 (La.App. 3rd Cir.), writs denied, 606 So.2d 541 and 542 (La.1992). The hearing officer is afforded great latitude in making credibility determinations and in weighing testimony. Harris v. Bronco Construction Company, 93-2139 p. 4 (La.App. 1st Cir. 10/7/94); 644 So.2d 805, 807, writ denied, 94-2740 (La. 1/6/95); 648 So.2d 931. The determination of an expert's credibility is a factual question subject to the manifest error/clearly wrong standard of review. Martin v. East Jefferson General Hospital, 582 So.2d 1272, 1277 (La.1991); Harris v. Bronco Construction Company, 644 So.2d at 807; Cheramie v. Horst, 93-1168 (La.App. 1st Cir. 5/20/94); 637 So.2d 720, 723. Moreover, after weighing and evaluating all of the evidence, the fact finder is free to accept or reject the opinions expressed by the experts. Harris v. Bronco Construction Company, 644 So.2d at 807; Hoyt v. State Farm Mutual Automobile Insurance Company, 623 So.2d 651, 659 (La. App. 1st Cir.), writ denied, 629 So.2d 1179 (La.1993).
The question of whether the claimant is entitled to temporary total disability benefits is ultimately a question of fact, and the trial court's resolution of that issue may not be disturbed by the appellate court in the absence of manifest error or unless clearly wrong. Polk v. Babineaux's Plumbing, Inc., 628 So.2d at 74; Taylor v. Louisiana-Pacific Corporation, 602 So.2d at 51. Reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. Shelton v. Wall, 614 So.2d at 832. When the trier of fact's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882-83 (La.1993); Shelton v. Wall, 614 So.2d at 832. The issue to be resolved by the appellate court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one in view of the record in its entirety. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882; Harris v. Bronco Construction Company, 644 So.2d at 807.
The testimony in the instant case included that of plaintiff; her supervisor, Martha Dangerfield; the personnel director of the School Board, Roland Verrett; Dr. Nick Accardo; and private investigators, Anthony Rushing and Robert Isaac. The documentary evidence consisted of the following: the Lakewood Hospital emergency room report and bill; video surveillance of plaintiff, and plaintiff's medical records from Lakewood Hospital.
Plaintiff testified that she was employed by the School Board on a part-time basis as a cafeteria technician at Berwick Elementary School. Just before 10:00 a.m. on Tuesday, November 1, 1994, plaintiff was washing dishes in the cafeteria when the groceries were delivered. According to plaintiff, she signed for the items, which included three cases of lemon detergent and four cases of Clorox. As plaintiff began placing the Clorox on the shelves in the cafeteria, she injured her back. Plaintiff indicated that she continued working that day, without noticing any pain.
That afternoon, plaintiff got home from work between 2:30 and 3:00 and lay down to take a nap, at which time she began experiencing pain. On the following day, Wednesday, November 2, 1994, plaintiff reported to work, but had to leave early because she was in pain. Plaintiff stated that, while pushing a cart in the cafeteria that morning, her "body locked," and she could push no more, so her supervisor sent her home. Plaintiff did not go to work on the following day, Thursday, November 3, 1994, because she was hurting badly. On Friday morning, November 4, 1994, plaintiff went to the emergency room at Lakewood Hospital, where she reported that she had injured her neck, back, and shoulders while lifting Clorox bottles at work. X-rays *1151 were then taken, and she was advised to remain off of work for three days. According to plaintiff, there is an outstanding bill in the amount of $205.05 for her November 4, 1994, emergency room treatment at Lakewood Hospital.
Plaintiff testified that, on November 7, 1994, she returned to Berwick Elementary and filled out an accident report and that she also reported the accident to her supervisor, Ms. Dangerfield. According to plaintiff, neither the School Board nor its workers' compensation insurer communicated with her after the accident. She was never informed of the reason for which her claim was being denied. Plaintiff stated that Dr. Johnson gave her slips, excusing her from work, and she gave the slips to the School Board.[4]
Plaintiff testified that she was treated by Dr. William Johnson, her family physician, for two weeks, beginning on November 8, 1994. Because plaintiff's condition did not improve with treatment, Dr. Johnson referred plaintiff to Dr. Nick Accardo, an orthopedic surgeon. Plaintiff saw Dr. Accardo on only one occasion, but he did not take x-rays or "do anything." Plaintiff stated that Dr. Accardo just "touch[ed]" her body and released her to return to work on November 28, 1994.[5] Plaintiff testified that, at the time Dr. Accardo released her, she did not feel that she was capable of returning to work because she was still experiencing neck, shoulder, and back pain.
When questioned about the medical care she received subsequent to that of Dr. Accardo, plaintiff indicated that she underwent treatment at the Guarisco Chiropractic Clinic for three days in May of 1995, but stated that she did not continue with treatment because Medicaid would not pay for treatment for an injury covered by workers' compensation.
Plaintiff testified that, since the accident, she has difficulty walking and acknowledged that she now walks with a slight limp. Plaintiff also has trouble sitting on hard surfaces and experiences neck, shoulder, and back pain. Plaintiff can move her arms, but has difficulty lifting her arms overhead because of shoulder pain. According to plaintiff, the pain prevents her from doing much of anything, and treatment has not improved her condition. Plaintiff indicated that, prior to the accident, she never had health problems, but she acknowledged that, in February of 1994, she underwent hernia surgery. When questioned about a November 10, 1993, visit to the emergency room at Lakewood Hospital with complaints of back ache, plaintiff could not recall the incident.[6]
Martha Dangerfield testified that she is the cafeteria manager at Berwick Elementary and is plaintiff's supervisor. Dangerfield indicated that she was not aware of plaintiff's injury until Friday, November 4, 1994, when the principal informed her that he had received a call from the emergency room at Lakewood Hospital, notifying him of plaintiff's injury. Dangerfield testified that she did not know on which day plaintiff was allegedly injured, but that plaintiff left early on Tuesday because she was not feeling well. Plaintiff called Dangerfield on Thursday, indicating that she would not be at work that day, but would be there on Friday. Dangerfield denied seeing plaintiff pushing a cart and complaining of pain.
Dr. Nick Accardo testified, via deposition, that he examined plaintiff on November 21, 1994. Plaintiff reported to him that, on the previous day, she experienced numbness in her arms. During plaintiff's consultation with Dr. Accardo, she complained of shoulder, back, and neck pain. After examining plaintiff, Dr. Accardo found no objective signs of injury and felt that plaintiff had sustained soft tissue injuries to her neck and back. Dr. Accardo felt that plaintiff could return to work, but he made an appointment to see her again in one week. However, *1152 plaintiff did not return to see him the following week.
Anthony Rushing, a private investigator, testified that he performed surveillance of plaintiff on December 16 and 17, 1994, for approximately eight hours each day. From his surveillance of plaintiff, Rushing was able to secure four minutes of video. Rushing stated that the video shows plaintiff holding a coat over her head and walking without a limp.
Robert Isaac, another private investigator, testified that he performed surveillance of plaintiff on May 31, 1995, and June 1, 1995, for approximately eight hours each day. From his surveillance, Isaac was able to obtain six minutes of video of plaintiff, which show plaintiff standing and walking without a limp.
Roland Verrett, personnel director for the School Board, testified that plaintiff was employed as a regular employee on September 9, 1994, at a rate of $6.59. However, he explained that plaintiff did not actually receive an hourly wage, but the hourly rate he provided was the actual numerical average of her wage. He then explained that school board employees are paid monthly throughout the year, but do not work in the summer. Verrett indicated that plaintiff was paid the sum of $953.19 from September 9, 1994, to the day she ceased working because of her injury.
After hearing all of the testimony and reviewing the medical records, the hearing officer determined that plaintiff proved, by a preponderance of the evidence, that she was injured by accident during the course and scope of her employment with the School Board on November 1, 1994.
In brief, the School Board points out various alleged inconsistencies in plaintiff's testimony, which it contends warrants a reversal of the hearing officer's determination on the issues of whether an accident occurred during the course and scope of plaintiff's employment and whether plaintiff is entitled to temporary total disability benefits for the three-week period between November 1 and November 28, 1994. However, the hearing officer heard all of the testimony, made credibility determinations in favor of plaintiff, and resolved these issues in plaintiff's favor.
We have thoroughly reviewed the entire record in this matter and conclude that there is a reasonable factual basis in the record for the hearing officer's findings. Plaintiff began experiencing pain on the afternoon of November 1, 1994, and was unable to remain at work the following day and unable to report to work thereafter. On November 4, 1994, plaintiff sought medical attention at Lakewood Hospital emergency room and continued to seek treatment thereafter from Drs. Johnson and Accardo. Ms. Dangerfield acknowledged in her trial testimony that plaintiff's injury was reported to the authorities at Berwick Elementary School. Moreover, plaintiff provided the emergency room staff and Dr. Accardo with her version of how she was injured, which was the exact version she testified to at trial. The emergency room report notes a diagnosis of soft tissue injuries, particularly cervical strain and flexor strain. Further, based upon the history provided by plaintiff and his examination of plaintiff, Dr. Accardo diagnosed plaintiff with soft tissue injuries.
We have thoroughly reviewed the entire record in this matter, and, based on all of the evidence, we cannot say that the hearing officer was clearly wrong in finding that plaintiff proved, by a preponderance of the evidence, that she sustained personal injury by accident arising out of and in the course and scope of her employment.
We note that plaintiff's treating physician, Dr. Johnson, did not testify at trial, nor were his medical records, concerning his treatment of plaintiff for these injuries, introduced into evidence. In brief, the School Board contends that plaintiff's failure to call Dr. Johnson as a witness or to introduce his medical records mandates that we apply the presumption that Dr. Johnson's testimony would have been adverse to plaintiff's claim. Although an adverse presumption exists when a witness is available to a party and that party fails to call the witness, the presumption is rebuttable and should not apply when the witness is equally available to the opposing party. Griffin v. Foti, 523 So.2d 935, 940 (La.App. 4th Cir.), writ denied, *1153 531 So.2d 272 (La.1988); Hernandez v. Schwegmann Giant Supermarkets, 464 So.2d 902, 907 (La.App. 4th Cir.1985); Young v. State Farm Fire & Casualty Insurance Company, 426 So.2d 636, 643 (La.App. 1st Cir.1982), writs denied, 433 So.2d 148, 171 (La.1983); Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209, 1213 (La.App. 3rd Cir.1982); Crandall v. Scott, 350 So.2d 922, 928 (La.App. 4th Cir.1977). We note that the School Board's pre-trial statement lists Dr. Johnson as one of its witnesses and lists Dr. Johnson's medical records as part of its documentary evidence. Because Dr. Johnson and his medical records were as accessible to the School Board as to plaintiff, we conclude that the adverse presumption is inapplicable.
With regard to the issue of entitlement to temporary total disability benefits, the hearing officer determined that plaintiff proved, by clear and convincing evidence, that she was entitled to temporary total disability benefits from the date of the accident to November 28, 1994, at which time she was released to return to work by Dr. Accardo.
After reviewing the entire record in this matter, we find that there is a reasonable factual basis for the hearing officer's findings. Although the video surveillance shows plaintiff walking without a limp and lifting her arms, this does not discredit her testimony that she has difficulty walking or that, although she can move her arms, she has difficulty reaching overhead because of shoulder pain. We also note that the video surveillance was performed in December of 1994 and May and June of 1995, sometime after the November 28, 1994, release date given by Dr. Accardo. Therefore, we cannot we say that this finding is manifestly erroneous.
We note that LSA-R.S. 23:1224 provides as follows:
No compensation shall be paid for the first week after the injury is received; provided that in cases where disability from injury continues for six weeks or longer after date of the accident, compensation for the first week shall be paid after the first six weeks have elapsed.
Clearly, no compensation benefits are due for the first week after the accident, unless the plaintiff's disability continues for more than six weeks. Because we affirmed the hearing officer's decision that plaintiff's disability lasted only four weeks, plaintiff was not entitled to compensation benefits for the first week. Accordingly, we amend the decision of the hearing officer to award compensation benefits in the amount of $86.00 from November 8, 1994, through November 28, 1994.

PENALTIES AND ATTORNEY'S FEES
The School Board contends that the hearing officer erred in finding that it was arbitrary and capricious and in awarding plaintiff penalties and attorney's fees.
At all times pertinent hereto, LSA-R.S. 23:1201 E and F provided for the imposition of a 12% penalty on compensation and medical benefits which the employer or insurer fails to pay timely.[7] Penalties are not *1154 to be assessed when the employee's right to such benefits has been reasonably controverted by the employer or insurer. Schmitt v. City of New Orleans, 632 So.2d 367, 374 (La.App. 4th Cir.1993).
Furthermore, LSA-R.S. 23:1201.2 provides, in pertinent part, as follows:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
This statute requires a finding that the defendant acted arbitrarily and capriciously and without probable cause before attorney's fees can be assessed. Hayes v. Louisiana Risk Management, 93-1144 (La.App. 3rd Cir. 4/6/94); 635 So.2d 591, 593, writ denied, 94-1020 (La. 6/17/94); 638 So.2d 1097. See Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277, 280 (La.1993).
The statutes providing for penalties and attorney's fees, which are penal in nature, must be strictly construed. Hayes v. Louisiana Risk Management, 635 So.2d at 592; Polk v. Babineaux's Plumbing, Inc., 628 So.2d at 74. An assessment of penalties and attorney's fees is proper, unless the employee's rights to benefits are reasonably controverted. Schmitt v. City of New Orleans, 632 So.2d at 374. The test to determine whether the employee's right to benefits was reasonably controverted is set forth in Watson v. Amite Milling Co., Inc., 560 So.2d 902, 906, (La.App. 1st Cir.), writ denied, 567 So.2d 614 (La.1990), citing Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363, 367 (La.App. 3rd Cir.1985), as follows:
[G]iven the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant.
Whether the refusal to pay or the discontinuation of benefits warrants the imposition of penalties and attorney's fees is a factual question which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736, 740 (La. App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989). However, where the hearing officer commits legal error by applying the incorrect legal standard or principle, the court is required to determine the facts de novo from the entire record and render a decision on the merits. Gentile v. Baton Rouge General Medical Center, 95-0348 (La.App. 1st Cir. 11/9/95); 665 So.2d 422, 431; Johnson v. Vinson Guard Service, Inc., 92-2187 (La. App. 1st Cir. 3/11/94); 636 So.2d 914, 916, writ not considered, 94-1661 (La. 9/2/94); 642 So.2d 1280.
In the instant case, the hearing officer's reasons for judgment stated that "defendant was arbitrary and capricious in its refusal to pay worker's compensation disability benefits. Penalties and attorney's fees will be assessed accordingly." From the above, we are unable to clearly discern whether the hearing officer applied the "arbitrary and capricious" standard to the award of attorney's fees and applied that standard to the award of penalties. However, out of an abundance of caution, we will review the award of attorney's fees using the manifest *1155 error standard and review de novo the award of penalties by inquiring whether the School Board reasonably controverted plaintiff's right to compensation benefits.

A. Award of Penalties

In the instant case, plaintiff testified that she went to Berwick Elementary on November 7, 1994, and filled out an accident report and that she also reported the accident to her supervisor, Martha Dangerfield. Plaintiff indicated that, after the accident, the School Board did not communicate with her regarding her claim and did not inform her of the reason for which her claim was being denied.
The School Board contends that the factual and medical evidence presented at trial shows that it "reasonably controverted" plaintiff's entitlement to workers' compensation benefits.
However, our review of the record convinces us that the School Board did not "reasonably controvert" plaintiff's right to workers' compensation benefits until November 28, 1994. The evidence presented before the hearing officer shows that the School Board was aware of plaintiff's claim that she was injured as a result of a work-related accident at least by Friday, November 4, 1994. Plaintiff's supervisor, Ms. Dangerfield, admitted at trial that she knew of the injury at that time because the school principal informed her. It appeared that the principal had learned of plaintiff's injury through contact with hospital personnel. Plaintiff was treated by Drs. Johnson and Accardo and was not released to return to work for four weeks following her injury. Despite this information, the School Board refused to pay plaintiff compensation or medical benefits.
The School Board failed to present any factual or medical information to reasonably counter the factual and medical information presented by plaintiff. Although the School Board attempted to utilize a few moments of video surveillance films to show that plaintiff was able to perform various tasks and did not walk with a limp, these films were taken after plaintiff was released to return to work.
Therefore, we find that the hearing officer correctly assessed the School Board with penalties as set forth in LSA-R.S. 23:1201 E and F.

B. Attorney's Fees

We have thoroughly reviewed the entire record in this matter and find that there is a reasonable basis for the hearing officer's finding that the School Board was arbitrary and capricious in denying plaintiff's workers' compensation benefits. Therefore, that finding cannot be manifestly erroneous.

MEDICAL EXPENSES
The School Board contends that the hearing officer erred in awarding plaintiff medical expenses (including medication and transportation expenses) when the only medical expenses proven at trial were those due Lakewood Hospital for plaintiff's emergency room treatment in the amount of $205.05.
A plaintiff may ordinarily recover reasonable medical expenses, past and future, which she incurs as a result of her injury. White v. Longanecker, 93-1122 (La. App. 1st Cir. 5/23/94); 637 So.2d 1213, 1218; writ denied, 94-1704 (La. 10/7/94); 644 So.2d 640; Dowe v. Grady, 540 So.2d 1040, 1045 (La.App. 2nd Cir.1989). When a plaintiff alleges that he incurred medical expenses and that allegation is supported by a bill, unless there is sufficient contradictory evidence or reasonable suspicion that the bill is unrelated to the accident, it is sufficient to support the inclusion of the item in the judgment. White v. Longanecker, 637 So.2d at 1218; Landry v. City of Abbeville, 625 So.2d 655, 658 (La.App. 3rd Cir.1993); writ denied, 93-2820 (La. 1/28/94); 630 So.2d 789.
In the instant case, the decision of the hearing officer awarded plaintiff "payment of all medical bills incurred, medication expenses and transportation expenses." A review of the entire record reveals that the only evidence of medical expenses offered by plaintiff is the bill for $205.05 from Lakewood Hospital for her emergency room treatment on November 4, 1994. The record contains no testimony by plaintiff or any other witness, nor is there any documentary evidence, *1156 regarding any other medical expenses[8] or transportation expenses. Based on the record before us, we conclude that plaintiff proved, and is therefore only entitled to, past medical expenses in the amount of $205.05. We amend the decision of the hearing officer to award plaintiff medical expenses in the amount of $205.05 only.

MOTION TO STRIKE
On February 28, 1996, the School Board filed, with this court, a motion to strike portions of plaintiff's brief, which motion was referred to the merits of the appeal by order, dated March 6, 1996. In its motion, the School Board makes several allegations.
First, the School Board contends that plaintiff requested future medical care with the physician of her choice. The School Board reasons that, because plaintiff did not appeal or answer its appeal, she is not entitled to any relief on appeal.
The law is clear that an appellee is not obligated to answer the appeal, unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. LSA-C.C.P. art. 2133; W. Handlin Marine, Inc. v. Gulf States Marine, Inc., 624 So.2d 907, 912 (La.App. 5th Cir.1993), writ denied, 93-2851 (La. 1/13/94); 631 So.2d 1166; Tyler v. Gray Insurance Company, 599 So.2d 428, 430 (La.App. 4th Cir.1992).
As noted earlier in this opinion, plaintiff did not appeal or answer the appeal regarding the issue of her entitlement to future medical expenses. Therefore, this issue is not before this court on appeal.
Second, the School Board contends that plaintiff attached several exhibits to her brief, which were not introduced at the trial of this matter, and that those documents should be stricken from the brief.
Pursuant to LSA-C.C.P. art. 2164, an appellate court must render its judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. LSA-C.C.P. arts. 2127 and 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Willis v. Letulle, 597 So.2d 456, 464 (La.App. 1st Cir.1992); Tranum v. Hebert, 581 So.2d 1023, 1026 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991). The appellate briefs of parties are not a part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. Shahla v. City of Port Allen, 601 So.2d 746, 751, n. 3 (La.App. 1st Cir.1992); Premier Bank, National Association v. Prevost Motors, Inc., 597 So.2d 1136, 1141 (La.App. 1st Cir.), writ denied, 605 So.2d 1115 (La.1992); Shepherd v. City of Baton Rouge/Parish of East Baton Rouge, 588 So.2d 1210, 1211 n. 2 (La.App. 1st Cir.1991).
In the instant case, attached to plaintiff's brief are exhibits which were not introduced into evidence at the proceedings before the hearing officer. As such, they are not part of the appellate record and are not properly before us on appeal.
The motion to strike portions of plaintiff's brief is denied.

CONCLUSION
For the foregoing reasons, that portion of the hearing officer's decision, awarding weekly compensation benefits is amended as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claimant is entitled to receive temporary total disability benefits from the defendants from November 8, 1994, through November 28, 1994, in the amount of Eighty-Six Dollars per week.
That portion of the decision of the hearing officer, addressing medical expenses, is amended to read as follows:

*1157 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the claimant is entitled to medical expenses of $205.05.
In all other respects, the decision of the hearing officer is affirmed. Appeal costs, in the amount of $633.00, are assessed against the St. Mary Parish School Board.
AMENDED, AND, AS AMENDED, AFFIRMED.
NOTES
[1] Judge William F. Kline, Jr., is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] Plaintiff did not appeal or answer the appeal to challenge the hearing officer's determination that she had no disability after November 29, 1994.
[3] By Acts 1989, No. 454, § 6, LSA-R.S. 23:1221 was amended, effective January 1, 1990. These amendments set forth the more stringent standard of proof for a claimant seeking disability based on a temporary total disability.

Pursuant to LSA-R.S. 23:1221(1), as amended, the claimant must prove the nature and extent of his disability by "clear and convincing proof," unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment. Tanner v. International Maintenance Corporation, 602 So.2d 1133, 1137 (La.App. 1st Cir.1992). See Menard v. Winn Dixie Louisiana, Inc., 93-1497 p. 9-10 (La.App. 3rd Cir. 6/19/94); 640 So.2d 775, 781, and Taylor v. Louisiana-Pacific Corporation, 602 So.2d 48, 51 n. 1 and 2 (La.App. 3rd Cir.), writs denied, 606 So.2d 541 and 542 (La.1992).
Prior to the 1989 amendment, the burden of proof in a claim for temporary total disability benefits was by a "preponderance of the evidence."
[4] We note that the slips are attached to plaintiff's appellate brief, but are not a part of the record on appeal.
[5] Apparently, Dr. Accardo released plaintiff to return to work on November 24, 1994. However, this was Thanksgiving Day, and the school holiday would not end until November 28, 1994.
[6] The medical records from Lakewood Hospital reveal that plaintiff complained of back ache during the November 10, 1993, emergency room visit.
[7] LSA-R.S. 23:1201 E and F provide, in pertinent part, as follows:

E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer received written notice thereof.
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums be paid by the insurer if the hearing officer determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
(3) Except as provided in Paragraph (4) of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
(5) No amount paid as a penalty or attorney fee under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance.
[8] We note that attached to plaintiff's appellate brief are copies of prescription receipts. However, the receipts were not introduced into evidence and are not a part of the record on appeal.