pAMY, Judge.
Claimant brought suit against his employer for workers’ compensation benefits. The workers’ compensation judge found that the claimant failed to prove that a work-related accident occurred. The claimant now appeals. For the following reasons, we affirm the decision of the workers’ compensation judge.
Factual and Procedural Background
On approximately July 20, 2000, Daryl Matthews began to suffer from what he described as a “crick” in his neck. Matthews stated that he was not immediately aware of what caused the neck pain. Matthews was working on a construction job in Raceland and his employer provided living quarters. While working in Raceland, Matthews was required to tighten a pipe with a thirty-six inch wrench for several hours. Additionally, Matthews testified that to reach the pipe, he had to climb, what he described as a column, the “old fashioned” way in order to reach the pipe because there were not any stairs or ladders. Thus, at the time of the onset of the neck pain, Matthews was not sure if the “crick” that he felt was a result of sleeping in an unfamiliar bed, tightening the pipe, or climbing the column. The record indicates that Matthews reported the neck pain to his supervisor, Murry Lormand, and continued to work until August 16, 2000, when the pain became unbearable. At that time, the record reveals that Matthews’ supervisor told him to go home and see a chiropractor. On August 17, 2000, Matthews drove home and went to see a chiropractor. After seeing the chiropractor, Matthews spoke with company personnel about being injured in a work-related accident.
The workers’ compensation judge decided that to find that there was a work-related accident would be speculative and, thus, determined that Matthews failed to carry his burden of proof. Matthews then filed this appeal.
| {.Matthews assigns two points of error. The first point of error is the workers’ compensation judge’s finding that he failed to carry his burden to prove injury from a work-related accident. Next, Matthews argues that the workers’ compensation judge erred in finding that the defendant reasonably controverted the claim and that penalties and attorney’s fees were not due. For the following reasons, we affirm the workers’ compensation judge’s findings.
Discussion
The claimant argues that the workers’ compensation judge committed manifest error by concluding that the claimant failed to prove a work-related accident. However, the factual findings of a trial judge may not be set aside by this court in the absence of manifest error. Stobart v. State, through Dep’t of Transp. and Dev., 617 So.2d 880 (La.1993). When determining whether a work-related acci *935 dent has occurred, this court has previously explained the law of causation relevant to workers’ compensation cases as follows:
In order to establish a claim for medical benefits, the employee must show, by a preponderance of the evidence, that the predicament complained of arose as a result of a work-related accident. Alleman v. Fruit of the Loom-Crowley, 96-1246 (La.App. 3 Cir. 3/5/97); 692 So.2d 485. “Proof by a preponderance of the evidence is sufficient when the evidence taken as a whole, shows that the fact sought to be proved is more probable than not.” Watkins v. Asphalt Assocs., Inc., 96-249 (La.App. 3 Cir. 12/4/96); 685 So.2d 393, 395. Therefore, it must be determined that the employment caused or contributed to the disability, albeit, it is not necessary that the exact reason be found. Augustus v. St. Mary Parish Sch. Bd., 95-2498 (La.App. 1 Cir. 6/28/96); 676 So.2d 1144.
Peloquin v. Eunice News, 98-1524, p. 9 (La.App. 3 Cir. 4/28/99); 737 So.2d 132, 139, unit denied, 99-1573 (La.9/17/99); 747 So.2d 563. Thus, if the evidence is evenly balanced or established only the possibility that a work event produced the disability |3or leaves the question open to speculation, then the claimant fails to meet the burden of proof. Cook v. Dewey Rusk Flooring, 93-1643 (La.App. 3 Cir. 8/10/99); 642 So.2d 234, writ denied, 94-2804 (La.1/13/95); 648 So.2d 1343.
In the present case, the claimant admits that he was initially unsure of the cause of the neck pain. La.R.S. 23:1021(1) provides that an “ ‘[a]ceidentf means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” The claimant could not direct the workers’ compensation judge to any such event. The claimant testified that he felt a burning sensation in his neck that progressively worsened as he continued to work. The record indicates that the claimant informed his supervisor of the pain when it first began and a couple of times after that before the supervisor advised him to see a chiropractor and sent him home. However, this supervisor did not testify at trial. The claimant testified that as of August 17, 2000, he was unaware of the cause of his neck pain.
In oral reasons, the workers’ compensation judge stated that:
Where the evidence leaves the probabilities evenly balanced, or shows only a possibility of a causative accident, or leaves it to speculation or conjecture, then the claimant’s case must fail. The probabilities are evenly balanced that possibly Mr. Mat[t]hews had a crick in his neck or he possibly hurt his neck tightening a pipe, or he possibly hurt himself climbing a column. The Court would have to speculate that Mr. Mat[t]hew’s [sic] neck was injured by an accident when Mr. Matpjhew’s own testimony was that there was no accident.
Accordingly, because the workers’ compensation judge determined that the evidence was evenly balanced and the record supports this finding, this assignment of error is without merit.
|/Turning to the second assignment of error, the claimant argues that the workers’ compensation judge was clearly wrong by concluding that his claim was reasonably controverted and that penalties and/or attorney’s fees were not due. The determination of whether an employer should be cast with penalties is a question of fact. Harrington v. Hebert, 00 1548 (La.App. 3 Cir. 5/23/01); 789 So.2d 649. Thus, the finding of the workers’ compen *936 sation judge will not be disturbed absent manifest error. Id.
La.R.S. 23:1201 provides for the payment of penalties and attorney fees for the nonpayment of medical benefits. However, La.R.S. 23:1201(F)(2) states: “This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” Having reviewed the record, we find no manifest error in the workers’ compensation judge’s determination that the claims were reasonably controverted.
The claimant alleges he was injured on or about July 20, 2000 and then began to suffer from symptoms several days later. He continued to work until August 16, 2000. It was not until after he left the Raceland job that he filed an accident complaint with the company. Additionally, the claimant stated that he woke up one morning and believed that he only had a crick in his neck and could not direct his supervisor to any specific incident. Given the claimant’s inability to identify the “precipitous event” causing the injury, we do not find that the workers’ compensation judge was required to find that the employer failed to reasonably controvert the claim. We find this assignment to be meritless.
|,.DECREE
For the foregoing reasons, we conclude that the workers’ compensation judge was not manifestly erroneous and affirm the decision below. All costs of these proceedings are assigned to the claimant, Daryl Matthews.
AFFIRMED.