2FOIL, J.
In this workers’ compensation matter, defendant, Wal-Mart Stores, Inc., appeals a ruling by the workers’ compensation judge in favor of plaintiff claimant, Zula H. Clairain. The judgment awarded recovery of temporary total disability benefits and medical expenses. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL BACKGROUND
On December 13, 2000, Zula H. Clairain filed a disputed claim form with OWC, claiming entitlement to workers’ compensation benefits. She alleged that on September 28, 2000, while in the course and scope of her employment at Wal-Mart, she was injured when she stuck herself in the eye with the stem of her glasses. She asserted that Wal-Mart failed to investí- *350 gate this claim as a work accident, failed to provide her medical treatment and care, failed to pay her indemnity benefits, and generally failed to take any responsibility for her injury and disability. Wal-Mart filed an answer generally denying the claim, and the matter ultimately proceeded to a trial on the merits. The workers’ compensation judge, Robert Varnado, Jr., found that Ms. Clairain suffered a work-related, compensable accident that resulted in a disabling injury. The WCJ further found that Wal-Mart is obligated for all medical treatment and prescriptions specifically related to the accident, but limited recovery to those items offered into and accepted into evidence. The WCJ ordered Wal-Mart to pay temporary total disability benefits from the date of the accident, September 28, 2000, through January 31, 2001. This appeal by Wal-Mart followed. Ms. Clairain answered the appeal, asserting that the WCJ erred in not finding that Wal-Mart failed to reasonably controvert her claim and/or were arbitrary and capricious in its failure to pay benefits. She seeks damages for frivolous appeal and asks that Wal-Mart be required to pay penalties and attorney fees for its failure to pay benefits, and for further attorney fees for this appeal.
I .STANDARD OF REVIEW
The standard for reviewing workers’ compensation cases was summarized by the Louisiana Supreme Court in Seal v. Gaylord Container Corp., 97-0688, pp. 4-5 (La.12/02/97), 704 So.2d 1161, 1164, as follows:
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or clearly wrong. “Thus, ‘if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’ ” (Citations omitted.)
DISCUSSION
In its first assignment of error, Wal-Mart asserts that the injury alleged by the claimant does not satisfy the legal requirement of an “accident” as defined by La. R.S. 23:1021. Specifically, it claims that the claimant’s glasses were smudged when she left the course and scope of her employment to greet and hug a family member.
Here, the WCJ specifically found that Ms. Clairain sustained a compensable, work-related accident on September 28, 2000. The factual finding of the WCJ on whether an accident occurred is entitled to great weight on appellate review. See Bruno v. Harbert International, Inc., 593 So.2d 357, 364 (La.1992). We have reviewed the evidence and find no manifest error in this factual finding.
La. R.S. 23:1021(1) defines an “accident” under the Louisiana Workers’ Compensation Act as: “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” In the instant case, Ms. Clai-rain clearly identified a particular event wherein she scratched her eye while cleaning her glasses. She [ testified that her glasses became smudged when she hugged her grandchildren, who had come into the *351 store to see her. Approximately twenty minutes later, she attempted to clean her glasses in preparation for sorting and making new price tags for some merchandise. Ms. Clairain immediately informed the management about the incident and was told she did not need to fill out an incident report. A co-worker then took her to the emergency room where she received treatment for her injury.
In oral reasons for judgment, the WCJ noted that Ms. Clairain’s testimony “and the occurrence of an accident or incident is credible.” He further stated that, “the incident itself, the taking off the eyeglasses to clean and the fall of the eyeware [sic] stem scratching her eyeball, was a work-related accident under these circumstances.” After a thorough review of the record, we conclude that the WCJ’s finding that Ms. Clairain did sustain a work-related accident is a permissible view of the evidence, which we do not find to be clearly wrong. As such, the WCJ correctly held that the employer is hable for any and all workers’ compensation benefits and medical expenses owed to Ms. Clairain.
Next, Wal-Mart argues that the alleged injury sustained by the claimant did not result in a disabling injury wherein the claimant was unable to work. This argument has no merit. Ms. Clairain testified as to her inability to work and her testimony was supported by the written report of her treating ophthalmologist, Dr. Steven R. Meyer. The WCJ correctly found that the claimant was disabled from work from the date of the accident through January 23, 2001.
In its third assignment of error, Wal-Mart claims it is entitled to the medical expense offset of La. R.S. 23:1212. It asserts that the claimant is not entitled to the double recovery of expenses paid by her private health insurer. Again, this assertion has no merit. At trial, Ms. Clai-rain testified that she had health insurance with “Blue Cross-Blue Shield of Arkansas through Wal-Mart.” Wal-Mart did not examine her as to how this was | ^funded, nor did it introduce any testimony or documentation to show how much the employer contributed to her premiums. Without such proof, the claim for offset must fall. See Taylor v. Columbian Chemicals, 32,411, p. 9 (La.App. 2 Cir. 10/27/99), 744 So.2d 704, 710-711.
In her answer to the appeal, Ms. Clai-rain contends that the WCJ erred in failing to award statutory penalties and attorney fees for Wal-Mart’s refusal to pay benefits. She also seeks damages based on frivolous appeal.
The statutes allowing recovery of attorney fees and penalties are penal in nature and must be strictly construed. Whether the refusal to pay benefits warrants the imposition of penalties and attorney fees is a factual question that will not be disturbed on review in the absence of manifest error. Augustus v. St. Mary Parish School Board, 95-2498, pp. 12-13 (La.App. 1 Cir. 6/28/96), 676 So.2d 1144, 1154. Our review of the record reveals no manifest error and, thus, we will not disturb the ruling of the WCJ on this issue. Further, we decline to award damages for frivolous appeal.
CONCLUSION
For the foregoing reasons, the decision of the workers’ compensation judge is affirmed. Costs of this appeal are assessed to Wal-Mart Stores, Inc.
AFFIRMED.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.