628 So.2d 71 (1993)
Stephen POLK, Plaintiff-Appellee,
v.
BABINEAUX'S PLUMBING, INC., Defendant-Appellant.
No. 92-1189.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1993.
*72 Bret Christopher Beyer, Lafayette, for Stephen Polk.
William H. Parker III, Lafayette, for Babineaux's Plumbing, Inc. et al.
Before GUIDRY, DOUCET, KNOLL and WOODARD, JJ., and CULPEPPER, J. Pro Tem.
GUIDRY, Judge.
This is a worker's compensation case. Plaintiff, Stephen Polk, injured his lower back, neck and knee in a work-related automobile accident on July 26, 1990, while employed by Babineaux's Plumbing, Inc. United States Fire Insurance Company (US Fire), Babineaux's worker's compensation insurer, paid Polk weekly compensation benefits until October 2, 1990 when such benefits were terminated based upon the medical opinion of Dr. Fred Webre, an orthopedic surgeon. Dr. Webre performed an independent medical examination (IME) in September 1990 and concluded that Polk was capable of returning to his former employment as a plumber's helper.
On January 11, 1991, Polk filed a claim for benefits with the Office of Worker's Compensation (OWC). Trial of this matter was held on July 22, 1991. Except for the plaintiff's live testimony, this matter was submitted to the administrative hearing officer solely on the basis of medical reports. On April 23, 1992, the administrative hearing officer rendered judgment in favor of Polk for past due weekly compensation and medical benefits. Additionally, she ordered defendants to pay a $250 fine for failure to timely provide medical reports as well as a 12% penalty on all past due compensation payments.[1] The administrative hearing officer also assessed a $1,500 attorney fee against the defendants.
From this judgment, defendants appeal and assign the following errors:
1) The determination that Polk sufficiently carried his burden of proving disability and his entitlement to benefits after October 3, 1990; and
2) The determination that defendants acted arbitrarily and capriciously and the resulting assessment of penalties and attorney's fees.
For the reasons which follow, we reverse the finding of disability, amend the award of penalties and attorney's fees, and remand this case to the OWC, pursuant to La.C.C.P. art. 2164, to afford the parties an opportunity to present additional evidence on the issue of disability.

FACTS
The accident occurred when a truck in which Polk was a passenger, which was being driven by a company co-employee, backed into a brick wall. The accident and resulting *73 injury were reported to Polk's supervisor. The next day, Polk was examined by Dr. Ned Martello, a chiropractor. He diagnosed radiculalgia (nerve root neuralgia) and unspecified spinal pain. Dr. Martello continued to treat Polk regularly through September 14, 1990. The chiropractic treatment relieved Polk's neck pain but did not permanently resolve his lower back pain. A CT scan of Polk's lumbar spine, ordered by Dr. Martello, revealed, according to the radiologist's interpretation, a "left lateral compartment syndrome occurring at L5-S1 and possible compression of the left S-1 nerve root". On September 4, 1990, Dr. Martello released Polk to return to light duty work. He returned to Babineaux's the next day, but was allegedly unable to finish the workday because of continued pain. Polk has not attempted to return to work since September 5, 1990.
On September 6, 1990, Dr. Fred Webre, an orthopedic surgeon, performed an IME upon Polk at the request of US Fire. After conducting a thorough orthopedic exam, he concluded that Polk was not disabled and recommended that he return to his former employment. Based on this medical evaluation, Polk's weekly compensation benefits were terminated effective October 2, 1990.
Dr. Martello referred Polk to Dr. Robert Rivet, a neurosurgeon. Dr. Rivet initially examined Polk on September 17, 1990. His initial impression was that plaintiff displayed "evidence of a lumbar myofascial type injury with subjective radiculopathy". In lay terms, Polk suffered a muscular inflammation with associated complaints of pain. At Dr. Rivet's direction, Polk underwent a myelogram, a magnetic resonance imaging test (MRI), and a second CT scan. According to Dr. Rivet's report, the myelogram revealed a "very equivocal ventral impression at L4-5". The MRI and CT scan were normal. These findings were characterized by Dr. Rivet in his report as "not tremendously impressive". Dr. Rivet only noted "some evidence of bilateral facet hypertrophy", an increase in the size of the muscular tissue in the spinal area. Dr. Rivet concluded that Polk's condition was more orthopedic than neurologic and referred him to Dr. Louis Blanda, an orthopedic surgeon. Dr. Rivet's medical report is silent concerning whether the condition found by him was disabling or accident related.
Dr. Blanda's report indicates that Polk "probably may have some referred pain from a facet syndrome". The "referred pain" was located in his right hip and thigh. Dr. Blanda found Polk to be "neurologically intact" and x-rays showed no obvious lumbar degeneration. He recommended a marcaine and steroid injection in the area of the facet joints. A request to perform this procedure was denied by US Fire. Dr. Blanda's report is also silent concerning whether the "referred pain from a facet syndrome" which he stated plaintiff may be suffering from was disabling or accident related.
At the request of the OWC, Polk was examined on March 8, 1991 by Dr. Thad Broussard, an orthopedic surgeon. Dr. Broussard concluded that there were no objective findings to support Polk's subjective complaints of pain. Like Dr. Webre, however, he only reviewed the diagnostic test reports (not the actual films) in conjunction with his examination. He also stated that Polk was able to return to his employment in the plumbing trade.
At the OWC hearing, Polk testified that, as of the hearing date, his lower back still bothered him. He stated that he could not return to work but would try to do so if his condition improved. Polk explained that his knee pain, which had resolved, was not caused by pain radiating from his back but from bumping the knee against the truck's interior during the accident. He was not notified by US Fire prior to the termination of his compensation benefits.

DISABILITY
US Fire specifies as error the administrative hearing officer's ruling that Polk satisfied his burden of proving his disability and resulting entitlement to weekly worker's compensation and medical benefits. In so ruling, the administrative hearing officer relied upon the medical opinions of Drs. Rivet and Blanda and the testimony of Polk.
*74 A claimant has the burden of proving his temporary total disability by clear and convincing evidence. La.R.S. 23:1221(1)(C). In order to recover worker's compensation benefits, the claimant must show that he received personal injury by accident arising out of and in the course and scope of his employment, and that said injury necessitated medical treatment and/or rendered the employee disabled. Alfred v. Mid-South Machine, Inc., 594 So.2d 937 (La. App. 3rd Cir.1992). The question of disability within the framework of the worker's compensation law is a legal rather than a purely medical determination. Pollock v. Louisiana Insurance Guaranty Association, 587 So.2d 823 (La.App. 3rd Cir.1991). The issue of disability is to be determined with reference to the totality of the evidence, including both lay and medical testimony. It is ultimately a question of fact, the trial court's resolution of which may not be disturbed by the appellate court in the absence of manifest error or unless clearly wrong. Taylor v. Louisiana-Pacific Corporation, 602 So.2d 48 (La.App. 3rd Cir.), writs denied, 606 So.2d 541 and 542 (La.1992); Pollock, supra.
Although Polk testified that he was disabled from returning to work because of lower back pain, no medical evidence sufficiently supports his disability claim. Drs. Webre and Broussard both concluded that plaintiff was not disabled and was capable of returning to work. On the other hand, the reports of Drs. Rivet and Blanda, while indicating some minor objective medical findings, do not correlate those findings to the work-related injury. Most importantly, neither doctor concludes that the objective medical findings are disabling. In sum, there is a complete absence of any medical evidence of a disabling injury and/or its relation to the July 24, 1990 accident. In relying on these reports and the plaintiff's testimony, the OWC administrative hearing officer clearly erred in concluding that Polk proved he was disabled by clear and convincing evidence. There is simply not enough evidence in the record to support this conclusion.
Pursuant to the power granted this court by La.C.C.P. art. 2164 to "render any judgment which is just, legal, and proper upon the record on appeal", we will remand this matter to the OWC for a new hearing on the issue of disability. See Huval Baking Co. v. State, Worker's Compensation Second Injury Fund Board, 594 So.2d 1028 (La.App. 3rd Cir.1992); Bailey v. Smelser Oil & Gas Inc., et al., 620 So.2d 277 (La.1993). The interests of justice would best be served by allowing the parties to present additional evidence on this limited yet pivotal issue.

PENALTIES AND ATTORNEY'S FEES
The OWC assessed a $250 fine pursuant to La.R.S. 23:1125 for defendant's failure to promptly provide medical reports. Additionally, it assessed a 12% statutory penalty on all past due installments of compensation. The administrative hearing officer also ordered defendants to pay a $1,500 attorney's fee "for their arbitrary and capricious conduct" in failing to timely pay medical expenses, failing to timely provide medical reports, and terminating plaintiff's worker's compensation benefits.
La.R.S. 23:1201(E) provides for the imposition of a 12% penalty on compensation or medical benefits which the employer-insurer fails to timely pay. Penalties are not to be assessed when the employee's right to such benefits has been reasonably controverted by the employer/insurer. Furthermore, La.R.S. 23:1201.2 provides, in pertinent part, as follows:
... Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney's fees for the prosecution and collection of such claims.
These statutes, which are penal in nature, must be strictly construed. Fusilier v. Liberty Rice Mill, Inc., 569 So.2d 1050 (La.App. 3rd Cir.1990). Whether the refusal to pay or the discontinuation of benefits warrants the imposition of penalties and attorney's fees is a factual question which will not be disturbed in the absence of manifest error. Pitcher v. Hydro-Kem Services, Inc., *75 551 So.2d 736 (La.App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989).
Defendants appeal the imposition of penalties and attorney's fees. Clearly, US Fire was arbitrary and capricious in failing to timely pay Dr. Martello's medical bills and failing to timely provide the plaintiff with medical reports. However, we conclude that US Fire was not arbitrary and capricious in terminating benefits on the basis of Dr. Webre's report. The report, which concluded that Polk was not disabled from working as a plumber's helper, provided a reasonable basis for the cessation of benefit payments. The insurer, by having Dr. Webre examine Polk and relying on his negative findings, reasonably controverted Polk's right to further benefits. The propriety of this action was later corroborated by the IME performed by the OWC's medical expert, Dr. Thad Broussard, and by the equivocal reports submitted by Drs. Rivet and Blanda. In sum, US Fire was simply not arbitrary and capricious in terminating Polk's compensation benefits as of October 2, 1990. Accordingly, we will reverse the penalty on the past due installments of compensation and lower the award of attorney's fees to $500 for US Fire's failure to timely pay medical expenses and provide medical records to the plaintiff.

DECREE
For the above and foregoing reasons, we reverse the OWC's judgment insofar as it concluded that plaintiff proved he was disabled and entitled to weekly worker's compensation benefits beyond October 2, 1990. Additionally, we reverse the assessment of penalties on the past due benefit installments and reduce the award of attorney's fees to $500. We remand this case to the OWC for a hearing on the issue of disability with leave being allowed to both parties to submit such additional evidence on this issue as they see fit. Costs of this appeal are assessed one-half (½) to defendant, United States Fire Insurance Company, and one-half (½) to Stephen Polk.
REVERSED IN PART; AMENDED IN PART; AND REMANDED.
KNOLL, J., dissents and assigns written reasons.
WOODARD, J., dissents for reasons assigned by KNOLL, J.
KNOLL, Judge, dissenting.
The hearing officer did not abuse her discretion. There was sufficient evidence presented to determine that plaintiff was disabled. The remand will only serve to unnecessarily retard this case.
NOTES
[1] The OWC hearing officer did not award penalties on the unpaid medical expenses. Plaintiff neither appealed nor answered this appeal.