ItSAUNDERS, Judge.
Defendants appeal an award of twelve (12%) percent penalties plus $10,000.00 attorney’s fees in this workers’ compensation proceeding. Plaintiff answers the appeal requesting additional attorney’s fees. We amend the total award of attorney’s fees to $16,500.00, but otherwise affirm the judgment of the hearing officer.

FACTS

Claimant, a welder assigned to work inside thirty-six (36) inch pipelines, was found to be permanently and totally disabled following an April 6,1993, accident when he was overcome by noxious fumes. That incident forms the basis of his contention that he suffered an “accident” within the definition of the workers’ ^compensation laws of the state. Alternatively, plaintiff alleges that the epoxy resin in his work environment between 1989 and his 1993 “accident” brought about within him a compensable occupational disease, a severely debilitated respiratory system.
The hearing officer ruled in favor of claimant, awarding permanent total disability benefits from April 6, 1993, reimbursement of past medical expenses totalling some $4,500.00, past mileage expenses of some $650.00 and court costs. Additionally, the hearing officer ordered defendants to pay for claimant’s ongoing medical treatments for his pulmonary disorder and resulting depression, *125 and for future medical treatments and expenses.
The hearing officer also awarded twelve (12%) percent penalties plus attorney’s fees of $10,000.00. These items are before us on appeal.

LAW

In support of their position that the hearing officer erred in awarding penalties and attorney’s fees, defendants argue that they had sufficient evidence to reasonably controvert appellee’s claim for benefits; thus the hearing officer erred in sanctioning them under LSA-R.S. 23:1201(E) and 23:1201.2. They also note that the statutes imposing penalties and attorney’s fees are penal in nature and therefore should be strictly construed. Polk v. Babineaux’s Plumbing, Inc., 628 So.2d 71 (La.App.3d 1993). Finally, they point out that an employer or insurer should not be penalized for bringing close legal or factual questions to court for resolution. Lindon v. Terminix Services, Inc., 617 So.2d 1251 (La.App. 3d Cir.), writ denied, 624 So.2d 1226 (La.1993).
Meanwhile, plaintiff notes that the test to determine whether an employee’s right to benefits has been reasonably controverted turns on whether the employer or his insurer had sufficient factual information to reasonably counter the factual information presented by the claimant. Penn v. Walr-Mart Stores, Inc., 93-1262 3(La.App. 3d Cir. 6/15/94); 638 So.2d 1123, writ denied, 94-1835 (La. 10/28/94); 644 So.2d 651 and Hopes v. Domtar Industries, 627 So.2d 676, 687 (La.App. 3d Cir.1993). Additionally, claimant observes that in workers’ compensation cases, the appropriate standard of review to be applied by the appellate courts in determining whether a defendant should be east with penalties and attorney’s fees is the “manifest error — clearly wrong standard”. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94); 630 So.2d 706 and Guidry v. Doctors’ Hospital of Opelousas, 93-1233 (La.App. 3d Cir. 5/4/94); 640 So.2d 548.
The parties having accurately set forth the law, we next turn to examine the factual underpinnings of the hearing officer’s conclusion that the defendant lacked a sufficient basis to deny claimant his due.
Defendants maintain that significant questions persisted regarding claimant’s entitlement to warrant reversal in this case. Plaintiff disagrees, arguing that defendants’ refusal was based more on wilful neglect.
We have reviewed the voluminous record and believe the hearing officer’s conclusions are entirely correct. At the December 8, 1993, Louisiana Workers’ Compensation Corporation deposition, adjuster Karen Young indicated four grounds for her employer’s failure to pay benefits. All were unfounded.
First, she indicated her belief, allegedly based upon her insured’s representations, that claimant’s condition was pre-existing. This testimony runs counter to the sworn testimony of claimant’s employer, L.S. Wom-ack, who testified that he had no idea of what caused claimant’s troubles, had no information to suggest claimant’s asthma pre-dated his 1989 employment with L.S. Womack, and that he knew of no medical evidence to support that conclusion. Indeed, the only information Mr. Womack had to suggest that claimant’s asthma may have been pre-exist-ing was Uthe belief that claimant might have had medicine, allegedly for asthma, brought to him one time at work in 1992 or 1993.
Additionally, Ms. Young’s testimony that her company’s failure to pay benefits was corroborated by the testimony of claimant’s co-workers and by medical evidence. However, Ms. Young could recall none of the workers’ identities, and the medical evidence she referred to was language contained in a March 25, 1993, medical report by claimant’s treating physician, Dr. Richard Lafleur, that the claimant had a pre-existing asthmatic condition. However, in his deposition of November 30,1993, Dr. Lafleur, claimant’s physician of some twenty years, indicated that this was a typographical error, and that claimant did not have an asthmatic history.
Finally, Dr. Richard Vath, a specialist in pulmonary disease to whom claimant was referred by the insurer for an independent medical exam, specifically connected claimant’s condition to his employment: “I do believe that his symptoms and signs are a *126 direct result of welding inside the 36 [inch] pipeline -with epoxy.”[1] The importance of this admission was lost on Ms. Young, who defended her failure to concede or investigate further by suggesting, without any substantiation whatsoever, that Dr. Vath “did not take the time to read records she had provided him.” Ms. Young never took the time to read Dr. Vath’s December 6, 1993, deposition in anticipation of her own, which was conducted two days later.
We have read Dr. Vath’s deposition, and it and the other evidence support the hearing officer’s conclusion. Even assuming that the context of Dr. Lafleur’s erroneous March 25, 1993, notation was enough to raise some momentary doubt as to the compensability of Thibodeaux’s claim, at a minimum the employer is culpable for its failure to pay or investigate further when Dr. Vath’s subsequent August 12, |s1993, medical report, with objective results evidencing only twenty-eight (28) percent normal breathing capacity and an immediate need to hospitalize claimant, unequivocally concluded that claimant was permanently and totally disabled, “that his symptoms and signs [were] a direct result” of his employment, and that future medical expenses could be anticipated.
If subsequent to an initial optimistic report, an insurer receives medical information indisputedly showing disability at a particular date, the insurer may not blindly rely upon the earlier report and solely on its basis avoid penalties for arbitrary non-payment of compensation .benefits. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976); Hopes v. Domtar Industries, supra, 627 So.2d at 688 (collecting cases). To the contrary, sanctions are warranted where the insurer gathers incomplete data in preparing the claim or makes no effort to correct an error that is pointed out to it. Barton v. Wausau Insurance Co., 545 So.2d 1248 (La.App. 2d Cir.1989).
a defendant should be cast with sanctions is a question of fact subject to the manifest error rule. Guidry v. Doctors’ Hospital of Opelousas, supra. The adjuster fell far below the requisite standard mandated by the laws of this state in so blithely ignoring the pleas of an injured worker. As claimant notes in brief, an insurer may not proceed with an attitude of indifference to the injured employee’s situation. Eaton v. General Accident Corp., 292 So.2d 773 (La. 1974); Mallet v. Louisiana Nursing Homes, Inc., 459 So.2d 178 (La.App. 3d Cir.1984), writs denied, 463 So.2d 604, 605 (La.1985).
An employee’s work accident is presumed to have caused his disability when the employee proves that before the accident he had not manifested disabling symptoms, but that commencing with the accident the disabling symptoms appeared, and there is either medical or circumstantial evidence indicating a reasonable | ¡¡possibility of causal connection between the accident and disabling condition. Walton v. Normandy Village Homes Ass’n., Inc., 475 So.2d 320 (La.1985).

The insurer cannot overcome this presumption merely by refusing to inform itself of claimant’s pre-accident history.

The record evidence clearly shows an indifference on the part of the adjuster in this case, and this indifference cannot be tolerated. In this case, the insurer refused to consider evidence consisting of the employer’s pre-employment physical report of May 10,1989, which noted the absence of any preexisting condition, and Dr. Vath’s objective examination, and these transgressions will not go unpunished.
The penalty and attorney’s fee provisions of the Louisiana Workers’ Compensation Act are specifically designed to deter employers and their insurers from the unjustified failure to alleviate the suffering of workers injured in their employment. Guillory v. Travelers Ins. Co., 294 So.2d 215 (La.1974). Accordingly, we affirm the hearing officer’s decision to award penalties and attorney’s fees in this case.

AMOUNT OF AWARD

The final question is whether the trial court erred in awarding $10,000.00 in *127 attorney’s fees instead of the requested sum of $25,000.00.
As both parties mention in brief, the hearing officer’s decision on the amount awarded in attorney’s fees should not be reversed unless clearly wrong. Among other authority, they cite Prejean v. RPM Pizza, 93-635 (La.App. 3d Cir. 2/2/94); 631 So.2d 1359; writ denied, 94-0715 (La. 4/29/94); 637 So.2d 468 and Livings v. Langston Companies, 628 So.2d 1236 (La.App. 3d Cir.1993). Additionally, claimant observes that under Louisiana law, the factors usually taken into account in determining attorney’s fees in workers’ compensation cases are the degree of skill and ability exercised, the amount of the claim, the amount recovered, and the amount of |7time devoted to the case. Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981); Johnson v. Vinson Guard Service, Inc., 92-2187 (La. App. 1st Cir. 3/11/94); 636 So.2d 914, writ not considered, 94-1661 (La. 9/2/94); 642 So.2d 1280.
We have reviewed the crate of records involved in these proceedings and note the very high level of proficiency and preparedness exhibited by claimant’s counsel, without whose persistence and steadfast loyalty the laws of this state would not have been enforced. Additionally impressed by the display of legal craft on appeal, we believe total attorney’s fees of $16,500.00 for efforts spent thus far are warranted.

DECREE

For the foregoing reasons, the judgment of the hearing officer is affirmed, except to amend the total award of attorney’s fees to $16,500.00 for legal services to date. Costs of this appeal assessed to defendants.
AFFIRMED AS AMENDED AND RENDERED.

. We observe that the insurer refused to make this report available to claimant until more than thirty (30) days after his request, fifty-nine (59) days after its receipt by the insurer.