JiDOUCET, Chief Judge.
In this workers’ compensation action defendants, Sunland Construction Company (Sunland) and its insurer, The Gray Insurance Company (Gray), appeal a decision by an Office of Workers’ Compensation (OWC) hearing officer alleging three errors in the hearing officer’s decision. We amend and affirm as amended.
UNDISPUTED FACTS AND PROCEEDINGS BELOW
Several issues in the record are undisputed and were the subject of a stipulation at the OWC hearing. They include the following. Claimant, Leonce K. Edwards, was injured in an accident, which occurred in the course and scope of his employment with Sunland, on October 16, 1990. At the time of his accident, Gray was Sunland’s worker’s compensation carrier. Mr. Edwards was paid temporary total disability (TTD) benefits of $274.00 per week, based on an average weekly wage of $411.00 per |2week, through December 7, 1994. Thereafter, he was paid supplemental earnings benefits (SEB) of $73.07 per week.
In the proceeding before the hearing officer, claimant argued defendants acted in an arbitrary and capricious manner when they changed his benefits from TTD to SEB. Claimant also argued that even if the defendants were not arbitrary and capricious in changing the type of benefits he was receiving, they were arbitrary and capricious in using the jobs, allegedly available to him, they used in determining the rate of SEB due claimant.
The hearing officer found in favor of defendant on the former issue, but in favor of claimant on the latter and ordered claimant’s SEB rate be calculated on the basis of minimum wage, $4.25 per hour, for a weekly SEB rate of $161.47. She also ordered defendants to pay claimant, in a lump sum, $88.40 a week for each week they had paid him $73.07, and attorney’s fees in the amount of $2,000.00. The hearing officer further ordered defendants to provide claimant with “... reasonable rehabilitation services including assistance with job applications, job interviews, and counseling for job entries.”
Defendants appeal alleging the hearing officer erred in finding their calculated SEB rate to be both erroneous and arbitrary and capricious; and in ordering defendants to provide claimant with additional rehabilitation.
*957 Claimant answered the appeal. In his answer to appeal, he prays for an increase in attorney’s fees for work necessitated by defendants’ appeal.
DISCUSSION OF THE LAW AND EVIDENCE
The record reveals claimant neither finished high school nor earned a GED. His only work experience was as a heavy laborer in the oil patch. Testing of claimant by Dr. John Grimes, a licensed vocational rehabilitation counselor to whom claimant was referred, indicated that Mr. Edwards was not a candidate for either structured academic |3or vocational currículums. Claimant tested “very low” to “below average” in six of nine categories; “low average” in two categories; and “high middle” in only one category, manual dexterity.
After claimant underwent a Functional Capacity Evaluation (F.C.E.), Dr. Grimes opined that he should be able to work at a sedentary to light work level. However, Dr. Daniel Hodges, claimant’s treating physician, was of the opinion that, because of continuing low back pain, claimant would probably be limited to sedentary work. He did state that he would not be opposed to claimant attempting light duty, but he held out only a slight possibility that claimant would be able to handle those increased requirements.
Apparently Mr. Edwards participated in a work hardening program. It is unclear whether or not he finished the program, but it appears that claimant felt he had made as much progress in the program as possible and resisted returning to or completing the program.
Dr. Grimes located a number of positions which he felt were suitable for claimant to, at least, try. Dr. Hodges “signed off’ on a number of these positions. Defendants based the rate of SEB they calculated by averaging $4.25 per hour (minimum wage) with $10.80 per hour, the calculated hourly wage for the position of mobile home salesperson. The latter position is a commission only salary with an estimated annual income of $20,000.00-$25,000.00 per year. While it is true that the salesperson job was within the physical limits placed on claimant by his physician, it is significant that even Dr. Grimes, defendant’s witness, expressed serious doubts, because of claimant’s academic achievement, about Mr. Edwards ability to succeed in this position.
|4In arguing that they were correct in their calculation of the SEB rate due claimant, defendants rely on the ease of Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989) where, at 1009, the court stated:
Once the plaintiff has met his initial burden of proving entitlement to supplemental earnings benefits by establishing his job-related' disability, the amount of such benefits must be calculated. 23:1221(3)(a) provides that the benefits are “sixty-six and two-thirds percent of the difference between the average monthly wages at the time of injury and average monthly wages earned or average monthly wages the employee is able to earn.” The next step in the analysis requires an examination of what the employee is earning or is able to earn. The statute further explains this analysis in (3)(e)(i). The most logical interpretation of this provision is that the employer, if he wishes to contend that the employee is earning less than he is able to earn, bears the burden of proving that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic region.
Sherwin-Williams, in order to prove that a job was available to Daigle, procured the services of a vocational rehabilitation expert. This expert interviewed Daigle as well as spoke with his doctor in order to best evaluate Daigle’s job capabilities. After his initial analysis, the expert contacted potential employers. He ultimately found four particular jobs appropriate for a person with Daigle’s experience, qualifications, and medical limitation.' [Footnote omitted; underlining ours.]
Defendants argue that under Daigle all they need establish is that claimant is physically able to do a job and their burden is met. We do not believe the supreme court meant such to be the case. As the supreme court stated *958 in the second paragraph above, the jobs found for a worker must appropriate for his “... experience, qualifications, and medical limitation.” See also, Glynn v. City of New Orleans, 95-1353 (La.App. 4 Cir. 4/3/96); 672 So.2d 1112. The hearing officer recognized that the job of mobile home salesperson was not appropriate for a claimant who had failed to complete high school and who possessed very low reasoning, language, and clerical skills. We agree with her conclusion on this issue. Accordingly, using the mobile home salesperson job in calculating Mr. Edwards’ SEB rate was clearly wrong.
|sThe hearing officer also found the use of that rate to calculate claimant’s rate of SEB constituted arbitrary and capricious conduct on the part of defendants, entitling the claimant to the award of attorney’s fees. Once again, we agree with the action of the hearing officer. Defendants had the results of Dr. Grimes’ testing of Mr. Edwards. They knew that he had not finished high school or earned a GED; that claimant’s only work experience was at heavy manual labor in the oil patch; and that claimant had very low language, reasoning, and clerical skills.
Although not on all fours with this case, we find the case of Thibodeaux v. L.S. Womack, Inc., 94-1375 (La.App. 3 Cir. 4/5/95); 653 So.2d 123 to be applicable by analogy. In Thibodeaux a panel of this court stated:
In support of their position that the hearing officer erred in awarding penalties and attorney’s fees, defendants argue that they had sufficient evidence to reasonably controvert appellee’s claim for benefits; thus the hearing officer erred in sanctioning them -under LSA-R.S. 23:1201(E) and 23:1201.2. They also note that the statutes imposing penalties and attorney’s fees are penal in nature and therefore should be strictly construed. Polk v. Babineaux’s Plumbing, Inc., 628 So.2d 71 (La.App.3d 1993). Finally, they point out that an employer or insurer should not be penalized for bringing close legal or factual questions to court for resolution. Lindon v. Terminix Services, Inc., 617 So.2d 1251 (La.App. 3d Cir.), writ denied, 624 So.2d 1226 (La.1993).
Meanwhile, plaintiff notes that the test to determine whether an employee’s right to benefits has been reasonably controverted turns on whether the employer or his insurer had sufficient factual information to reasonably counter the factual information presented by the claimant. Penn v. Wal-Mart Stores, Inc., 93-1262 (La.App. 3d Cir. 6/15/94); 638 So.2d 1123, writ denied, 94-1835 (La.10/28/94); 644 So.2d 651 and Hopes v. Domtar Industries, 627 So.2d 676, 687 (La.App. 3d Cir.1993). Additionally, claimant observes that in workers’ compensation cases, the appropriate standard of review to be applied by the appellate courts in determining whether a defendant should be cast with penalties and attorney’s fees is the “manifest error — clearly wrong standard”. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94); 630 So.2d 706 and Guidry v. Doctors’ Hospital of Opelousas, 93-1233 (La.App. 3d Cir. 5/4/94); 640 So.2d 548.
Id. at 125.
1 fíln the case sub judice defendants argue that they had reliable medical information that the claimant was physically capable of doing the job of mobile home salesperson. However, defendants also had information that strongly indicated that Mr. Edwards was not suited for this job because of his very low language, reasoning, and clerical skills. An employer and his insurer cannot pick and choose the facts they wish to consider when making a determination which concerns a claimant’s benefits; they must consider all the facts in their possession. This, the defendants did not do. Accordingly, in this case, we find the determination by the hearing officer to award attorney’s fees was not clearly wrong. The actions of the defendants were such that the award of attorney’s fees was justified.
Finally, appellants argue the hearing officer erred in ordering additional rehabilitation services be provided to claimant. They argue that they provided testing, job placement, and physical rehabilitation services and the claimant refused further services. The record confirms that testing was performed and that some jobs, within claimant’s physical limitations, were identified. *959 However, we note two things: 1) the physical rehabilitation offered claimant was in the form of “work hardening” which was aimed more at having him return to his former employment, a job which he could no longer physically do; and 2) the rehabilitation order by the hearing officer — how to interview and fill out employment applications and instruction in skills such as how to operate a cash register — were aimed at returning claimant to the job market within his medical limitations and academic achievement. We find no error in this action.
Claimant answered the appeal seeking an increase in attorney’s fees to cover the cost of the work necessitated by defendants’ appeal. The hearing officer awarded claimant $2,000.00 in attorney’s fees at the hearing level. We find this to be a very modest sum and increase the award to $5,000.00 to cover the extra work necessitated by this appeal.
^Accordingly, for the reasons stated, the decision of the hearing officer is affirmed. The award of attorney’s fees is increased to $5,000.00. All costs of this appeal are assessed against Gray.
AMENDED; AND AFFIRMED AS AMENDED.