# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-635

**MICHAEL MCCALLON**

**VERSUS**

**KEY ENERGY SERVICES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION # 4
PARISH OF LAFAYETTE, NO. 15-06127
ANTHONY PALERMO, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry, Judges.

**AFFIRMED AS AMENDED.**

**Brian D. Calvit**
**7920 Wrenwood Blvd, Suite F**
**Baton Rouge, LA 70809**
**(225) 926-2222**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Michael McCallon**

**Michael Edward Parker**
**Allen & Gooch**
**Post Office Drawer 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Key Energy Services**

**KYZAR, Judge**

On September 2, 2020, the Office of Workers' Compensation (OWC) granted Plaintiff Michael McCallon's Motion to Enforce Judgment, awarding temporary total indemnity benefits from the time period of August 2015 to June 2016, medical expenses, interests and costs, penalties pursuant to La.R.S. 23:1201 (F), and attorney fees. Both parties appealed the judgment of the workers' compensation judge, with Defendant's appeal being lodged under docket number 20-634. For the reasons found herein and in the corresponding appeal *McCallon v. Key Energy Servs., LLC*, 20-634 (La.App. 3 Cir. 12/15/21), ___ So.3d ___, we affirm as amended.

## FACTS AND PRECEDURAL HISTORY

This workers' compensation claim arises out of an automobile accident which occurred on February 3, 2015, in Williston, North Dakota. Plaintiff, Michael McCallon, was in the course and scope of his employment as a derrick hand with Key Energy Services, LLC (Key Energy) at the time of the incident and later underwent a lumbar discectomy. On April 16, 2016, Plaintiff was involved in a subsequent automobile accident in Natchez, Mississippi, after which he entered into a settlement agreement without obtaining the consent of Key Energy. This matter has previously been before this court in a prior appeal and the pertinent facts leading to the claim are fully set forth therein. *McCallon v. Key Energy Servs., LLC*, 18-880 (La.App. 3 Cir. 4/24/19), 271 So.3d 249, *writ denied*, 19-850 (La. 9/17/19), 279 So.3d 381. In our previous opinion, we issued the following disposition:

> For the reasons discussed herein, the WCJ's judgment is reversed to the extent that it holds that Michael McCallon forfeited compensation benefits before June 21, 2016; it is amended to provide that Michael McCallon is entitled to reserve his right to future compensation as provided by La.R.S. 23:1102(B); it is also amended to award Michael McCallon $4,000 in penalties and $12,000 in attorney fees; and the matter is remanded to the trial court for calculation of the offset due Key Energy Services, LLC. for medical expenses paid on behalf of Michael McCallon by his health insurer. The judgment is

affirmed in all other respects. All costs are assessed to Key Energy Services, LLC.

*Id.* at 262-63.

On October 1, 2019, Key Energy tendered to Plaintiff the sum of $28,079.67 and an explanation as to what it considered was due under the judgment. Specifically Key Energy tendered $11,619.42, representing weekly indemnity benefits plus interest owed from August 4, 2015 to April 16, 2016, less a credit of $12,500.00. Key Energy also paid $16,460.27, representing the penalties and attorney fees awarded by the Court of Appeals. Key Energy however denied responsibility for any additional indemnity benefits with the explanation that "[t]here is no ruling from the Court of Appeal that Key Energy Services owes benefits subsequent to June 2016." *See McCallon*, 271 So.3d 249. On October 29, 2019, Plaintiff filed a Motion to Enforce Judgment pursuant to La.R.S. 23:1201(G), seeking penalties and attorney fees for Key Energy's alleged violation of this court's judgment. A hearing on the motion was held on January 3, 2020, after which the workers compensation judge (WCJ) granted Plaintiff's motion to enforce in an oral ruling that also instructed each of the parties to determine precisely what was owed and to provide those determinations to the court. It pretermitted a determination of penalties at that time, noting that "claimant's counsel failed to point out what exactly was owed in this matter[;]" though, it did assess Key Energy with attorney fees of $500.00 for Plaintiff's counsel.

On September 2, 2020, the WCJ issued a judgment on the motion to enforce judgment, awarding Plaintiff forty-four weeks of past due indemnity benefits in the amount of $630.00 per week, covering the period from August 4, 2015 until June 21, 2016, for a total of $27,720.00 plus judicial interest. The WCJ also awarded medical expenses to Plaintiff in the amount of $561.20 and interests and costs in the

2

amount of $3233.35. The WCJ further awarded penalties under La.R.S. 23:1201(F) in the amount of $4000.00 and attorney fees in the amount of $12,000.00. Plaintiff thereafter appealed that judgment. Key Energy, as noted above, additionally appealed, separately, lodged with this court under docket number 20-634, and dealt with in a separate opinion.

In this appeal, Plaintiff asserts the following assignments of error:

I. The WCJ committed legal error by modifying and revising a final appellate court judgment.

II. The WCJ committed legal error by failing to enforce the binding stipulation between the parties.

III. The WCJ committed legal error by failing to enforce this Court's judgment which allowed Mr. McCallon to reserve his rights to future compensation under La. R.S. 23:1102(B).

IV. The WCJ erred by failing to apply the sanctions provided in La. R.S. 23:1201(G) for Key Energy's failure to timely pay an award under the terms of a final non-appealable judgment.

## DISCUSSION

*Did the WCJ modify the appellate court judgment in failing to award future benefits after June 21, 2016?*

In his first assignment of error, Plaintiff asserts that the ruling of the WCJ on his Motion to Enforce Judgment constituted an impermissible substantive change of a final non-appealable judgment which had acquired the authority of a thing adjudged pursuant to La.R.S. 13:4231. As such, Plaintiff argues that the WCJ lacked jurisdiction to modify, revise or reverse the judgment of this court. *See* La.R.S. 13:4231. Plaintiff also claims in his third assignment of error that the WCJ erred in its failure to award future benefits beyond June 21, 2016, which he asserts he is entitled to per the previous decision of this court. *McCallon*, 271 So.3d 249. As we consider these issues to be interrelated, we address them together.

3

It is particularly important to note the relief sought here by Plaintiff, which is the enforcement by the WCJ of the judgment of this court in the previous appeal and for penalties and attorney fees for Key Energy's failure to satisfy said judgment pursuant to La.R.S. 23:1201(G). In the prior appeal of the case, this court did four things. First, it reversed the WCJ's original decision that Plaintiff forfeited compensation benefits before June 21, 2016. Second, it amended the judgment to provide that Plaintiff is entitled to reserve his right to future compensation as provided by La.R.S. 23:1102(B). Next, it amended the judgment awarding Plaintiff $4,000.00 in penalties and $12,000.00 in attorney fees. Finally, it remanded the case to the WCJ for calculation of the offset due Key Energy for medical expenses paid on behalf of Plaintiff by his health insurer and assessed all costs of the appeal to Key Energy. *McCallon,* 271 So.3d 249.

Plaintiff's October 2019 motion to enforce was in reference to this ruling and the matter was heard on January 2, 2020, following which the WCJ awarded Plaintiff forty-four weeks of past due indemnity benefits in the amount of $630.00 per week, covering the period from August 4, 2015 until June 21, 2016. This ruling is in accordance with the edict of this court and does not constitute an error by the WCJ. However, it is the second prong of this court's judgment that Plaintiff claims was improperly modified by the ruling of the WCJ.

Louisiana Revised Statutes 23:1102(B) states that when the written approval of a compromise with a third-party tortfeasor is not obtained from the employer or the insurer before the compromise is completed, the employee or his dependent forfeits the right to future compensation, including medical expenses. *Triche v. Reg'l Elec. & Constr., Inc.,* 95-105 (La.App. 1 Cir. 10/6/95) 671 So.2d 425. However, it also provides an employee the opportunity to "buy back" the right to future compensation. *Id.* In *McCallon,* 271 So.3d 249, we decreed that Plaintiff

4

reserved his right to seek future indemnity benefits pursuant to the application of La.R.S. 23:1102(B), which provides for the reduction of benefits owed for up to one-half of the amount of any settlement of a claim against a third party tortfeasor causing the injuries for which compensation benefits were being paid, or which aggravated said injuries, when the settlement was not noticed or authorized by the workers' compensation carrier. The reduction for future benefits for the settlement in this case was set at $12,500.00. Nowhere in our prior judgment did we find that Plaintiff was not entitled to any future compensation or limit compensation for any amount due after June 21, 2016, the date of the settlement of Mr. McCallon's tort claim, other than the possible offset.

Defendant Key Energy herein argues that our judgment concluded that no benefits were due after this date because of language in our opinion stating that "[t]he evidence further establishes that if not for his April 2016 injury, Dr. McGuire would likely have discharged Mr. McCallon in June 2016." *McCallon*, 271 So.3d at 259. However, the issue in that appeal was whether Plaintiff forfeited benefits because of his settlement with the third-party tortfeasor, not whether he was entitled to benefits after a certain date. Thus, the language of the court therein was purely obiter dicta, not binding on the WCJ, and not a part of the disposition of this court.

The WCJ issued partial oral reasons for its judgment to grant Plaintiff's motion to enforce the judgment of this court on January 13, 2020, but ordered the parties to calculate the amount owed in past benefits, as follows:

> The basic argument in this case is that indemnity benefits were owed to the plaintiff, and that the defendant has failed to comply with the judgment in this case in paying benefits.
>
> Counsel for plaintiff, while practically relitigating the entire case in his briefs, has failed to point out what benefits actually are owed to his client. He's failed to show whether there are supplemental earning benefits owed, or whether it's temporary total benefits owed because the medical in this case leads to the conclusion that the disability that

5

his client currently suffers under is the result of a subsequent accident and not due to the accident at question with regards to the judgment.

However, this Court does find that the motion to enforce judgment is to be granted in this case. However, the Court does not know how to assess the 24-percent penalty because claimant's counsel failed to point out what exactly was owed in this matter.

The Court therefore grants the motion to enforce the judgment, awards penalties in the amount of 24 percent, but instructs the parties to determine exactly what is owed and to provide that to The Court.

The Court further finds that it is awarding Five Hundred Dollars in attorney[] fees in this matter.

In written reasons for judgment dated September 2, 2020, the WCJ stated as follows:

This matter came before the Court for trial on the merits. The Court issued a ruling. The matter went up on appeal. The Court of Appeals affirmed in part, reversed in part and remanded. The remand calls for this Court to determine what the calculation of the offset due to Key Energy Services is due from the amounts paid by the medical insurer for the medical bills of Mr. McCallon. The Court of Appeals ruled that benefits owed to Mr. McCallon were not forfeited prior to June 21, 2016. Therefore, Mr. McCallon is owed benefits from the date of injury until June 21, 2016.

The question is what is owed to Mr. McCallon with regards to the medical expenses paid and what credit Key Energy is entitled to. Mr.McCallon paid medical expenses for New South Neuro Spine, LLC. in the amount of three hundred and twenty dollars and prescriptions in the amount of two hundred and forty-one dollars and twenty cents. He is entitled to those costs in this matter.

The Court further finds that there is no credit due to the Defendants for medical expenses allegedly paid by the health insurer. The Court in addition finds that medical expenses in the amount of five hundred and sixty-one dollars and twenty cents are awarded to the Claimant, Michael McCallon, for New South Neuro Spine and prescriptions.

He is also entitled to TTD benefits from August 4, 2015 until June 21, 2016. The Court, after reviewing the memoranda from the parties, finds in favor of the Claimant, and orders that Michael McCallon is entitled to temporary total indemnity benefits from the date of injury until June 21, 2016. That is: 44 weeks of TTD benefits at six hundred and thirty dollars per week, and results in a total of twenty-seven thousand seven hundred and twenty dollars. The Court also awards judicial interest to Michael McCallon.

The Court also awards costs to Michael McCallon and awards penalties in the amount of four thousand dollars and attorney[] fees in the amount of twelve thousand dollars.

There was no evidence in this case that showed that a credit is due to Key Energy Services for medical benefits allegedly paid by the insurer.

This matter came to the Court on a motion to enforce Judgment and for penalties and attorney[] fees.

There was no need to review the original award in this case as this matter was remanded for a calculation of the credit.

Formal judgment was signed the same day, in accordance with the written reasons. While the WCJ granted Plaintiff's motion to enforce the judgment, to the extent that it could do so, it did not award future benefits that Plaintiff claims he is entitled to beyond June 21, 2016. We note that actual entitlement to those future benefits was not a part of the judgment of this court in the prior appeal, only the reservation of Plaintiff's rights to seek such. We thus conclude that the determination of actual entitlement to future benefits after June 21, 2016, was not part of the judgment of this court, nor did Plaintiff's motion to compel enforcement of the judgment of this court place at issue future benefits payable, if any. Accordingly, we find the WCJ did not err nor fail to enforce the judgment by not awarding future benefits post June 21, 2016 at this time, subject to the reservation of Plaintiff's rights to seek such by properly raising the issue before the WCJ.

*Failure to enforce the stipulation of the parties*

Plaintiff next asserts that the WCJ committed legal error in failing to enforce the binding stipulation entered into between the parties. He claims that the stipulation of the parties at the original trial leading to the prior appeal and decision of this court should have resulted in an award of future benefits after June 21, 2020. We disagree. As Key Energy correctly points out in brief, the issue of a stipulation

7

at the original trial as to the average weekly wage and other facts was not an issue presented with Plaintiff's motion to enforce the judgment of this Court. The issue presented by this appeal is whether the WCJ properly interpreted and enforced our previous judgment. As reflected above, the judgment of this court did not dispose of the possibility of benefits being owed after June 21, 2016, nor did the judgment of the WCJ have the effect of denying such, as that issue was not before the court. The only issue related thereto was the amount of benefits due through June 21, 2016, which the WCJ ordered be paid. We find no error in that decision.

*Sanctions pursuant to La.R.S. 23:1201(G)*

In his final assignment of error, Plaintiff claims that the WCJ erred by failing to apply sanctions as provided in La.R.S. 23:1201(G) for Key Energy's failure to timely pay an award under the terms of a final non-appealable judgment. That section provides precisely as follows:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

*Id.*

After receiving the prior *McCallon* decision of this court, Key Energy applied for a writ to the Louisiana Supreme Court, which was denied on September 17, 2019. A party has fourteen days from the transmission of notice of judgment in the supreme court to apply for a rehearing. La.Code Civ.P. art. 2167. If no such timely application is made, the judgment of the supreme court becomes final and definitive

8

when the delay for application for rehearing has expired. *Id.* Thus, the judgment in this matter became final and definitive on approximately October 1, 2019.

On that date, Key Energy tendered to Plaintiff the sum of $28,079.67 with an explanation as to what it considered was due under the judgment. Specifically, it tendered $11,619.42, representing weekly indemnity benefits plus interest owed from August 4, 2015 to April 16, 2016 less a credit of $12,500, and $16,460.27 representing the penalties and attorney fees awarded by this court. It is notable that Key Energy tendered payment to Plaintiff for the period of August 4, 2015 through April 16, 2016, despite this court's clear directive that "the WCJ's judgment is reversed to the extent that it holds that Michael McCallon forfeited compensation benefits before June 21, 2016[.]" *McCallon*, 271 So.3d at 262.

In granting Plaintiff's motion to enforce, the WCJ found Plaintiff was entitled to benefits through June 21, 2016, totaling 44 weeks of indemnity benefits for $27,720.00. While neither party specifically raised the correctness of this calculation, we find that the actual amount of time for which indemnity benefits are owed is 46 weeks, representing the time from August 4, 2015 to June 21, 2016. Thus, we find the total amount of indemnity benefits owed to Plaintiff by Key Energy is $28,980.00, less a credit of $12,500.00. *See* La.Code Civ.P. art. 2164.[1] The amount tendered to Plaintiff by Key Energy was $23,310.00, less a credit of $12,500.00. Thus, a total of $5,670.00 in indemnity benefits was still owed after Key Energy's initial tender of payment.[2]

Key Energy argues that Plaintiff forfeited his right to benefits after his April 16, 2016 car accident pursuant to this court's statement that "we cannot say the WCJ

---

[1] The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. La.Code Civ.P. art. 2164.

[2] A total of nine weeks of indemnity benefits were not paid to Plaintiff, representing the time from April 16, 2016 to June 21, 2016.

erred in finding that the April 2016 accident aggravated Mr. McCallon's work-related injury and that the forfeiture provision of La.R.S. 23:1102(B) applies." *Id.* at 259. This is based upon the supreme court holding that "'[i]f an accident causes a disability from which a workman would have recovered except for further disability produced by a separate, intervening cause, there is no liability for compensation beyond the disability produced by the job connected accident.'" *Buxton v. Iowa Police Dept.*, 09-520, p. 17 (La. 10/20/09), 23 So.3d 275, 286 (quoting *Haughton v. Fireman's Fund American Ins. Cos.*, 335 So.2d 927, 929 (La.1978)). Plaintiff would have the burden of distinguishing between the two accidents to show a continuing disability from the first accident, separate from the second non-work-related accident in order to maintain his right to compensation. *Id.* However, the question of Plaintiff's continued disability and, thus, entitlement to benefits regarding such, was not before the court in this matter. The sole question was whether Plaintiff forfeited his benefits due to his settlement with a third-party tortfeasor pursuant to La.R.S. 23:1102(B) (emphasis added) which states, in pertinent part:

> If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to *future compensation*, including medical expenses.

The future compensation that an injured claimant forfeits for failing to obtain the consent or approval of his employer prior to settling his claim with a third party means any workers' compensation benefits that became payable after the compromise. *Bolton v. Tulane Univ.*, 99-970 (La.App. 4 Cir. 3/1/00), 755 So.2d 1003, *writ granted*, 00-922 (La. 5/26/00), 762 So.2d 626, and *writ granted*, 00-932 (La. 5/26/00), 762 So.2d 627. This court's previous opinion noted that Plaintiff's doctor testified that he had not released Plaintiff as of January 2016, and did not

10

anticipate doing so until June 2016. *See McCallon*, 271 So.3d 249. The ruling clearly stated that "the WCJ's judgment is reversed to the extent that it holds that Michael McCallon forfeited compensation benefits before June 21, 2016[.]" *Id.* at 262.

Despite Key Energy's assertion in brief that this court made no rule or inference that Plaintiff was entitled to benefits subsequent to April 16, 2016, this court's judgment clearly states that Plaintiff was entitled to benefits through June 21, 2016. *See Id.* Key Energy's assertion that the June 21, 2016 date was chosen in error and that April 16, 2016, the date of the second automobile accident, was the correct date for the end of Plaintiff's benefits is counter to Louisiana jurisprudence and unpersuasive. This court issued a final judgment in *McCallon*, 271 So.3d 249. *See* La.Code Civ.P. art. 1841. A final judgment is conclusive between the parties except on direct review. La.R.S. 13:4231. "Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error in the final judgment." *Tolis v. Bd. of Sup'rs of La. State Univ.*, 95-1529, pp. 2-3 (La. 10/16/95), 660 So.2d 1206, 1206-07. As such, we find Key Energy failed to comply with the judgment in that regard insomuch as it failed to pay the full amount of weekly indemnity benefits owed to Plaintiff as ruled by this court. *See McCallon*, 271 So.3d 249.

Workers' compensation statutes providing for penalties and attorney fees, which are penal in nature, must be strictly construed. *Thibodeaux v. L.S. Womack, Inc.*, 94-1375 (La.App. 3 Cir. 4/5/95), 653 So.2d 123. Louisiana Revised Statutes 23:1201(G) requires a penalty of an amount equal to twenty-four percent of the unpaid judgment or one hundred dollars per day for each day after thirty days the judgment remains unpaid, whichever is greater. In the matter at hand, Key Energy

did not pay a portion of a final judgment and it remains unpaid. As the daily penalty exceeds the penalty of $1,360.80 representing 24% of the unpaid judgment, we assess a penalty of $3,000.00 for failure to pay a final judgment in the form of weekly indemnity benefits from April 16, 2016 to June 21, 2016 pursuant to La.R.S. 23:1201(G).

Thus, we find that Plaintiff is entitled to $39,274.55, plus judicial interest, as follows: $16,480.00 representing total indemnity benefits for the period of August 4, 2015 to June 21, 2016, minus a credit of $12,500.00 pursuant to La.R.S. 23:1102(B); $4,000.00 in costs and penalties; $12,000.00 in attorney fees; $561.20 in medical expenses; $3233.35 representing costs and attorney fees assessed against Key Energy in the original appeal;[3] $3,000.00 in penalties pursuant to La.R.S. 23:1201(G). We note this total amount is to be offset by Key Energy's previous payment.

## DISPOSITION

Pursuant to the foregoing, the judgment of the workers' compensation judge is affirmed as amended. Plaintiff, Michael McCallon, is entitled to $11,194.88 plus judicial interest, representing: $16,480.00 in total indemnity benefits for the period of August 4, 2015 to June 21, 2016, minus a credit of $12,500.00 pursuant to La.R.S. 23:1102(B); $4,000.00 in costs and penalties; $12,000.00 in attorney fees; $561.20 in medical expenses; $3233.35 representing costs and attorney fees assessed against Key Energy in the original appeal; $3,000.00 in penalties pursuant to La.R.S. 23:1201(G); less a credit of $28,079.67 to Key Energy Services, LLC for amounts

---

[3] *McCallon*, 271 So.3d 249.

12

previously paid. As both parties lodged separate appeals, all costs of this appeal are assessed to Michael McCallon.

**AFFIRMED AS AMENDED.**