Dear Ms. Jefferson:
As Assessor for the 4th Municipal District of Orleans Parish, you requested the opinion of this office concerning whether certain property owned by the Industrial Development Board of the City of New Orleans (the "IDB") will be exempt from ad valorem taxes. The IDB, working with Riverview Retail Development Company, L.L.C. ("Riverview") and LGD Rental I, L.L.C. ("LGD") intends to issue two issues of revenue bonds to encourage the location of a Wal-Mart SuperCenter and a mixed use housing/commercial development facility in the City of New Orleans. With the proceeds of the bonds, the IDB intends to acquire the land, the SuperCenter, the housing/commercial development facility and related facilities (the "Project"). The Project will be leased, in part, to Riverview and, in part, to LGD for payments sufficient to pay the debt service on the revenue bonds.
Your question is whether the Project is exempt from ad valorem tax for the term of the revenue bonds and while the Project is owned by the Board.
La. Const. (1974) Art. VII, Sec. 21 provides a list of property that shall be exempt from ad valorem taxation. "Public lands; other public property used for public purposes" is included within the list of exempt property. Article VII, Section 21(A), when referring to the tax exempt status of public property, other than public lands, imposes a two-fold requirement that:
(1) Title to the property must vest in the public; and
(2) The property must be used for a public purpose.
In Board of Directors of the Industrial Development Board of the Cityof New Orleans v. All Taxpayers, et al., 2003-0826 (La.App. 4th Cir. 5/29/03), 848 So.2d 740, writ denied, a suit filed to validate the bonds to be issued for the Project, the Court specifically stated that "Article VII, Section 21(A) of the constitution clearly provides an exemption of property owned by an industrial board from ad valorem taxes." The Fourth Circuit validated the bonds. See also, Board of Directors of theIndustrial Development Board of the City of New Orleans v. AllTaxpayers, et al., 2003-0827 (La.App. 4th Cir. 5/29/03), 848 So.2d 733, which also validated the bonds.
The necessity of meeting both criteria set forth in Art. VII, Sec. 21(A) is clearly recognized by the Louisiana Supreme Court in Slay v.Louisiana Energy and Power Authority, 473 So.2d 51 (La. 1985). Justice Calogero, writing for the Court, initially addressed the issue of the public status of the Louisiana Energy and Power Authority (LEPA) and the Lafayette Public Power Authority (LPPA), and determined that both constituted units of local government and/or political subdivisions of the state. Thus, property owned thereby constituted "public property" for purposes of Article VII, Section 21(A).
Shifting its focus to the second requirement, the Court stated:
 "The second requirement for ad valorem tax exemption is that the public property be used for a public purpose. Providing electric service is a public function . . .
 For the foregoing reasons, we hold that the public power authorities, LEPA and LPPA, are political subdivisions of the State of Louisiana, constitutionally created by statute (LEPA) and by statute and ordinance (LPPA), and that their respective ownerships interest in Rodemacher 2 constitute public property used for public purposes, exempt from ad valorem taxation by virtue of Article VII, § 21(A) of the Louisiana Constitution of 1974."
This office has previously recognized that the fact that public property is leased to a private entity does not preclude it from being used for a public purpose so as to be exempt from ad valorem taxes. See Atty.Gen.Op. Nos. 93-392 and 89-599.
Industrial Development Boards are nonprofit public corporations organized pursuant to R.S. 51:1151, et seq. for the purpose of promoting the existence, development and expansion of commerce, trade and industry in this state. With regard to Industrial Development Boards, R.S. 51:1152
provides, in pertinent part:
"A. The legislature hereby finds and determines:
 (1) That the existence, development and expansion of commerce and industry are essential to the economic growth of the state and to the full employment, welfare and prosperity of its citizens;
* * *
 (4) That the present and future health, safety, right to gainful employment, and the general welfare of the people of the state merit and require the assistance of the state, its agencies, and political subdivisions in the development within the state and its political subdivisions of industrial, agricultural, manufacturing, and research enterprises . . . and in the attraction and retention of sound business and commercial enterprises which contribute to the economic growth and vitality of the state and its political subdivisions;
* * *
 (6) That the means and measures herein authorized by this chapter and the assistance provided in this chapter, especially with respect to financing, are in the public interest and serve a public purpose of the state in promoting the health, welfare, and safety of the citizens of the state . . . by the securing and retaining of private industrial, commercial and other enterprises and the resulting maintenance of a higher level of employment and economic activity and stability.
 B. It is the intent of the legislature by passage of this Chapter to authorize the incorporation in the several municipalities or in the parishes in this state of public corporations to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to promote industry and develop trade by inducing manufacturing, industrial, commercial and other enterprises to locate in this state and further the use of its agricultural products and natural resources . . . and to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to attract and retain business and commercial enterprises in the municipality or parish to maintain and expand employment and the economy in the area." (Emphasis added)
Additionally, R.S. 51:1160 pertinently provides:
 "For the corporation is hereby declared to be performing a public function on behalf of the municipality or parish with respect to which the corporation is organized and to be a public instrumentality of such municipality or parish. Accordingly, the corporation and all properties at any time owned by it and the income therefrom and all bonds issued by it and the income therefrom shall be exempt from all taxation in the state of Louisiana; provided, however, that the corporation may require the lessee of each of the projects of the corporation to pay annually to parish or municipal taxing authorities, through the normal collecting agency, a sum in lieu of ad valorem taxes to compensate such for any services rendered by them to such projects which sum shall not be in excess of the ad valorem taxes such lessee would have been obligated to pay to such authorities had it been the owner of such project during the period for which such payment is made." (Emphasis added).
Op.Atty.Gen. No. 77-916 determined, in accordance with the constitutional and statutory provisions quoted hereinabove, that all property held in the name of Industrial Development Boards is exempt from all ad valorem taxation in the State of Louisiana.
In Op.Atty.Gen. No. 93-642, this office concluded that when an Industrial Development Board issues bonds to finance the acquisition of an office building to be used as the corporate headquarters of a holding company and its wholly owned subsidiary, which office building is titled in the Industrial Development Board and leased to the subsidiary, the property would be exempt from ad valorem taxation.
We also direct your attention to Attorney General's Opinion No. 88-454, which determined that while property upon which a warehouse and distribution facility were to be erected was leased to the developer, and title to the property was held by the issuer (an Industrial Development Board) of taxable revenue bonds, the property would be exempt from ad valorem taxation. See also Op.Atty.Gen. Nos. 99-267 and 99-267(A).
Based upon the foregoing, it is the opinion of this office that while the Project is owned by the Board, the Project will be exempt from ad valorem taxation.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH