| | | |
|---|---|---|
| STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF COMMUNITY DEVELOPEMENT - DISASTER RECOVERY UNIT | * | NO. 2022-CA-0048 |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| VERSUS | | STATE OF LOUISIANA |

* * * * * * *

DEBORAH BAGERT A/K/A
DEBORAH K BAGERT AND
BRODERICK BAGERT SR
A/K/A BRODERICK ARMAND
BAGERT

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-01611, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

**On Application for Rehearing**

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

Mary Catherine Cali
John C. Walsh
John C. Conine, Jr.
William J. Wilson
SHOWS CALI & WALSH, LLP
628 St. Louis Street
P.O. Drawer 4425
Baton Rouge, LA 70821

    COUNSEL FOR PLAINTIFF/APPELLANT

Cayce Peterson
Jeffrey P. Green
JJC LAW LLC
3914 Canal Street
New Orleans, LA 70119

COUNSEL FOR DEFENDANT/APPELLEE

**REHEARING GRANTED FOR THE LIMITED PURPOSE OF CLARIFICATION; APPELLATE JUDGMENT OF JULY 13, 2022 MAINTAINED**
**JULY 26, 2022**

TGC
RML
PAB

Appellant, the State of Louisiana, Division of Administration, Office of Community Development – Disaster Recovery Unit (hereinafter "the State"), petitions this Court for a rehearing of our July 13, 2022 decision, which affirmed the trial court's judgment granting the exception of prescription filed by Appellees, Deborah and Broderick Bagert (hereinafter "the Bagerts"). We grant rehearing solely to restate principles of appellate review addressed in our original opinion.

The State and the Bagerts attached various documents as exhibits to their original petition and third-party demand. It is well settled that appellate courts render decisions based upon the record on appeal, which includes pleadings, court minutes, transcripts, judgments, and other rulings. *Bd. of Directors of Indus. Dev. Bd. of City of New Orleans v. Taxpayers, Prop. Owners, Citizens of City of New Orleans,* 2003-0827, p. 4 (La.App. 4 Cir. 5/29/03), 848 So.2d 733, 737; *See* La. C.C.P. art. 2164. Pleadings in civil actions consist of petitions, exceptions, written motions, and answers. La. C.C.P. art. 852. A copy of any written instrument that is an exhibit to a pleading is a part thereof. La. C.C.P. art. 853. Similar to the State's original petition, the Bagerts' third party demand is likewise a petition. La. C.C.P. art. 1111. The Bagerts' third party demand asserts claims of contribution or

1

indemnity against Bernadette Bibolet Diaz (hereinafter "Ms. Diaz").[1] *See Union Service & Maintenance Co. v. Powell*, 393 So.2d 94, 95 (La. 1980) (*citing Avegno v. Byrd*, 377 So.2d 268, 273 (La. 1979)).

Our original analysis of the trial court's ruling granting the Bagerts' exception of prescription included consideration of the Cash Sale agreement between the Bagerts and Ms. Diaz. The Cash Sale was attached to the Bagerts' third-party demand as an exhibit and is therefore made a part of the record on appeal. *See* La. C.C.P. art. 853; La. C.C.P. art. 1111; La. C.C.P. art. 2164. Both the Cash Sale agreement and the third-party demand contain the date on which the Bagerts sold the property to Ms. Diaz, i.e. November 18, 2008. We note that the appeal before this Court focused on whether the State's claim was prescribed and the date that the breach of contract occurred. The exact date that prescription began to run was germane to our determination of whether the State's claim was prescribed. The third-party demand provided the necessary facts.

Full review and consideration of the record before us on appeal is not a choice, it is our duty and a *de novo* review requires this Court to consider the entire record. *See* La. C.C.P. art. 2164. Thus, this Court correctly considered the Cash Sale agreement, attached to the third party demand, in rendering its decision. *Bd. of Directors of Indus. Dev. Bd. of City of New Orleans v. Taxpayers, Prop. Owners, Citizens of City of New Orleans, supra.*

---

[1] The jurisprudence interpreting this provision [La. C.C.P. art. 1111] has consistently observed that the third party demand is a device principally used for making claims of contribution or indemnity in the event that defendant is cast in judgment on the principal demand. *Avegno v. Byrd*, 377 So.2d 268, 273 (La. 1979).

Accordingly, the original opinion of this Court is affirmed.

**REHEARING GRANTED FOR THE LIMITED PURPOSE OF CLARIFICATION; APPELLATE JUDGMENT OF JULY 13, 2022 MAINTAINED.**